638 So.2d 975 (1994)
Kenneth MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2474.
District Court of Appeal of Florida, First District.
June 7, 1994.
*976 Kenneth Murphy, pro se.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Kenneth Murphy, appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raises numerous grounds in his motion. With the exception of one ineffective assistance of counsel claim discussed below, we find that the motion was appropriate for summary denial. We affirm in part and reverse in part.
Appellant was convicted of the sale and delivery of cocaine. Appellant asserts that defense counsel was ineffective by failing to object to counsel for a co-defendant's questioning of witnesses in which counsel constantly referred to appellant as "the drug seller." Where an evidentiary hearing has not been held, a movant's allegations in a motion for post-conviction relief must be accepted as true except to the extent that the allegations are conclusively rebutted by the record. Harich v. State, 484 So.2d 1239 (Fla. 1986). If true, appellant's claim could constitute ineffective assistance of counsel.
The trial judge found that even if the court accepted appellant's allegations concerning ineffective assistance of counsel as true, appellant may not prevail because appellant's allegations involved matters within the judgment and strategy of defense counsel. The trial court cites Gonzalez v. State, 579 So.2d 145 (Fla. 3d DCA 1991). Gonzalez involved a trial court's ruling after an evidentiary hearing on allegations of ineffective assistance of counsel. Although defense counsel is entitled to broad discretion regarding trial strategy, when the court is confronted with a claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994); Gordon v. State, 608 So.2d 925 (Fla. 3d DCA 1992); Davis v. State, 608 So.2d 540 (Fla. 2d DCA 1992); Harley v. State, 594 So.2d 352 (Fla. 2d DCA 1992); Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990). We therefore reverse for an evidentiary hearing on this claim or for attachment of portions of the record demonstrating that appellant is not entitled to relief. We affirm as to all other grounds rejected in the trial court's order.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
ERVIN, MICKLE and DAVIS, JJ., concur.