724 So.2d 665 (1999)
Tyrone YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3194
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
Tyrone Young, Bowling Green, pro se.
No Appearance for Appellee.
W. SHARP, J.
We affirm the trial court's summary denial of Young's second post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, because it is successive. In his first motion, he argued that his counsel was ineffective for having failed to raise the issue of improper scoring of victim injury points. We affirmed the trial court's denial of that motion. Young v. State, 702 So.2d 306 (Fla. 5th DCA 1997).
In this motion, Young claims his counsel was ineffective for failing to investigate the validity of the probation conditions violated by Young. This is a different ground, but successive ineffective assistance of counsel claims are properly barred, absent allegations of newly discovered evidence or a new constitutional right, neither of which are presented in this second motion. Pope v. State, 702 So.2d 221 (Fla.1997); Jones v. State, 591 So.2d 911 (Fla.1991).
Young does raise a new issue in this second motionthat the trial court failed to notify him which condition of probation he was found guilty of having violated. However, this is an issue which Young could have and should have addressed in a direct appeal. It is not properly raised in a rule 3.850 motion. See generally Maharaj v. State, 684 So.2d 726 (Fla.1996); Rose v. State, 675 So.2d 567 (Fla.1996).
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.