838 So.2d 535 (2003)
William Gregory THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. SC01-1439.
Supreme Court of Florida.
January 30, 2003.
*537 Dale G. Westling, Sr., Jacksonville, FL, for Appellant.
Charles J. Crist, Jr., Attorney General, and Curtis M. French, Assistant Attorney General, Tallahassee, FL, for Appellee.
SHAW, Senior Justice.
William Gregory Thomas appeals an order of the circuit court denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm.

I. FACTS
The underlying facts are set forth in this Court's decision on direct appeal, which provides as follows in relevant part:
Thomas planned the kidnapping and murder of his wife, Rachel, in order to avoid paying his part of a settlement agreement in their pending divorce. Thomas and a friend, Douglas Schraud, went to Rachel's house, September 12, 1991, the day before a substantial payment was due, and Thomas beat, bound, and gagged Rachel. When Rachel tried to escape by hopping outside, Thomas knocked her to the ground and dragged her back inside by her hair. He then put her in the trunk of her car and drove off. She was never seen again.
Thomas was charged with first-degree murder, burglary, and kidnapping. The State presented numerous witnesses to whom he had made incriminating statements. Thomas presented no evidence during the guilt phase and was found guilty on all counts. During the penalty phase, several witnesses testified on his behalf and Thomas himself took the stand. The jury recommended death by a vote of eleven to one....
Thomas v. State, 693 So.2d 951, 951 (Fla. 1997).
The court imposed a sentence of death based on five aggravating circumstances[1] and no mitigating circumstances. Thomas *538 raised nine issues on direct appeal;[2] this Court affirmed. On October 5, 1998, Thomas filed the present (his first) motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and filed amendments to the motion on April 19, 2000, and August 15, 2000. The circuit court conducted an evidentiary hearing on the motion on January 29, 2001, and denied relief. Thomas appeals, raising eight issues.[3]

II. STANDARD OF REVIEW
Thomas claims that the circuit court erred in rejecting his claim that trial counsel was ineffective in various ways. This Court in Stephens v. State, 748 So.2d 1028 (Fla.1999), addressed the proper standard of proof (for the trial court) and standard of review (for the appellate court) in addressing a claim of ineffectiveness of trial counsel raised in a rule 3.850 motion. This Court later summarized those standards as follows:
The test to be applied by the trial court when evaluating an ineffectiveness claim is two-pronged: The defendant must show both that trial counsel's performance was deficient and that the defendant was prejudiced by the deficiency. The standard of review for a trial court's ruling on an ineffectiveness claim also is two-pronged: The appellate court must defer to the trial court's findings on *539 factual issues but must review the court's ultimate conclusions on the deficiency and prejudice prongs de novo.
Bruno v. State, 807 So.2d 55, 61-62 (Fla. 2001) (footnote omitted).

III. THE VALIDITY OF THE WAIVER
Thomas murdered his wife on September 12, 1991, and murdered his mother on May 4, 1993. He was charged separately. The "wife-murder" is at issue in the present case. Here, the jury returned a guilty verdict on March 24, 1994, and a death recommendation on March 30, 1994. The judge deferred sentencing pending resolution of the "mother-murder" case. Thomas entered a negotiated plea in the mother-murder case on July 14, 1994, and was sentenced in the present case on July 22, 1994.
In the plea agreement in the mother-murder case, Thomas agreed to waive any right to appealeither directly or collaterallyany guilt phase issues arising out of the wife-murder trial.[4] However, he reserved the right to appeal any sentencing issues arising out of the wife-murder trial. Thomas now claims that this waiver violates general constitutional principles and contravenes public policy, or alternatively, that trial counsel in the wife-murder case was ineffective in allowing him to agree to waive his rights. We disagree.
As for Thomas's claim that the waiver is unconstitutional and violates public policy, this claim is procedurally barred because it "could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."[5] Had the trial court in the wife-murder case held the waiver invalid, the State at that time could have reevaluated its position in the mother-murder case. Thomas cannot wait until years later and then use rule 3.850 as a vehicle to "blindside" the State in this way.
As for Thomas's claim that trial counsel in the wife-murder case was ineffective in failing to object to the validity of the waiver, this claim too is procedurally barred. A claim of ineffectiveness of trial counsel must be raised in circuit court, not this Court, forabove allit is this Court's job to review a circuit court's ruling on a rule 3.850 claim, not to decide the merits of that claim.[6] The record shows that the present claim was not raised in Thomas's original rule 3.850 motion or amendments thereto. Thus, there is no ruling on this issue before this Court to review.

IV. INADEQUATE PREPARATION
Thomas claims that the circuit court erred in rejecting his ineffectiveness claim on the following points: Thomas's counsel visited the defendant in jail only a few *540 times before trial and the visits were brief; counsel did not interview impeachment witnesses suggested by the defendant; counsel did not interview Harry Mahon, an attorney who represented Thomas in his divorce, even though the alleged motive for the murder was defendant's inability to pay the financial obligations imposed by the divorce; and counsel did not review the court file from the divorce case, and investigation of that file would have revealed that the obligation for the lump sum payment, which purportedly prompted the murder, had already been satisfied. We find no error.
At the evidentiary hearing below, both Thomas and his attorney testified in person concerning various aspects of this claim. The circuit court evaluated the conflicting testimony, made findings on each part of this claim, and denied relief. To the extent that Thomas alleges that counsel was not prepared for the penalty phase and had little or no discussion with Thomas prior to the penalty phase, the circuit court addressed the testimony relating to this claim in three pages of its written order and concluded as follows:
This Court specifically finds that counsel's testimony was both more credible and more persuasive than Defendant's allegations and testimony. Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997); Laramore v. State, 699 So.2d 846 (Fla. 4th DCA 1997). Additionally, the testimony of [trial counsel] demonstrates that Defendant and he discussed the penalty phase of the trial, Defendant's potential testimony at that phase, and the aggravating and mitigating circumstances which were appropriate during that phase. Therefore, the Court finds that Defendant has failed to demonstrate either error on behalf of counsel or prejudice to his case.
To the extent that Thomas alleges that counsel failed to present guilt phase witnesses on his behalf, the circuit court addressed the testimony relating to this claim in two and one-half pages of its written order and concluded as follows:
Again, this Court specifically finds that counsel's testimony was both more credible and more persuasive than Defendant's allegations and testimony. Blanco; Laramore. [Trial counsel] indicated that he discussed with Defendant the aspects of the case, including the decision not to call witnesses for the defense during the guilt phase, and it was Defendant's decision to make. Therefore, this Court finds that it was Defendant's decision not to call any witnesses for the defense, and hence, Defendant has failed to demonstrate either error or prejudice.
To the extent that Thomas alleges that counsel failed to formulate a defense strategy and failed to investigate the background of the "jailhouse snitches" and failed to adequately impeach their testimony, the circuit court addressed the testimony relating to this claim in two pages of its written order and concluded as follows:
Once again, this Court specifically finds that counsel's testimony was both more credible and more persuasive than Defendant's allegations and testimony. Blanco; Laramore. [Trial counsel] outlined his strategy for the defense of Defendant. Moreover, counsel indicated that Defendant did not participate actively in his defense, nor did he provide names of witnesses who could have been beneficial to the defense. In fact, [counsel] believed, based upon discussions with Defendant, that there were no witnesses who could have contradicted the "jailhouse snitches" since Defendant did exactly as they testified. This Court finds that Defendant has failed to prove *541 that counsel's defense strategy was not a reasonable tactical decision. Therefore, this Court finds that Defendant has failed to demonstrate either error or prejudice.
To the extent that Thomas alleges that counsel failed to rebut the State's allegation that the murder was committed to evade payment of an installment on his divorce settlement agreement and that trial counsel failed to call Thomas's divorce lawyer as a witness to show that the payment already had been made, the circuit court addressed the testimony relating to this claim in one and one-half pages of its written order and concluded as follows:
This Court finds that counsel's testimony was both more credible and more persuasive than Defendant's allegations. Blanco; Laramore. [Trial counsel] indicated that he discussed with Defendant the possibility of calling Mr. Mahon to testify for the defense, but that both agreed that the benefits of that testimony would not outweigh the loss of the final closing argument. Finally, the testimony of [counsel] discloses that his decision, and Defendant's, not to utilize Mr. Mahon as a defense witness was a tactical decision based upon what he felt the facts of the case supported. Therefore, Defendant agreed to this course of action, and may not now attempt to claim ineffective assistance based upon his own decision. Moreover, defense counsel was not ineffective for failing to raise such a defense. Remeta v. Dugger, 622 So.2d 452 (Fla.1993); Gonzales v. State, 691 So.2d 602, 603 (Fla. 4th DCA 1997) ("Tactical or strategic decisions of counsel do not constitute ineffective assistance of counsel.").
Applying the Stephens standard of review, which is set forth above, to the circuit court's rulings on this claim, we conclude that the circuit court's factual findings are supported by competent substantial evidence in the record and its rulings comport with the applicable law. We find no error.

V. JURY INSTRUCTIONS
Thomas claims that the circuit court erred in rejecting his claim that trial counsel was ineffective in failing to object to several jury instructions that "unconstitutionally and inaccurately diluted the jury's sense of responsibility for sentencing." We disagree. The circuit court denied relief on this claim for the following reason:
In Defendant's first claim for relief in the Amended Motion, he avers that counsel rendered ineffective assistance by failing to object to jury instructions given by this Court which allegedly failed to inform the jury of its sentencing responsibility. Defendant relies upon Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), for his assertion that this Court improperly instructed the jury that "they had virtually no responsibility for the sentencing decision, and that no matter what they did the judge would do what he wanted regarding sentencing, the jurors were encouraged to pass the responsibility to the judge."
This Court will note that the Florida Standard Jury Instructions have been determined to be in compliance with the requirements of Caldwell. Burns v. State, 699 So.2d 646, 654 (Fla.1997); Sochor v. State, 619 So.2d 285, 291-92 (Fla. 1993). In this case, the model jury instructions were followed when instructing the jury and counsel cannot be termed ineffective for failing to object to a standard jury instruction which has not been invalidated at the time of a defendant's sentencing. Thompson v. State, 759 So.2d 650, 665 (Fla.2000); *542 Downs v. State, 740 So.2d 506, 517 (Fla. 1999).
Applying the Stephens standard of review, set forth above, to the circuit court's ruling on this claim, we conclude the circuit court's factual findings are supported by competent substantial evidence in the record and its ruling comports with the applicable law. We find no error.
Thomas next claims that the circuit court erred in rejecting his claim that trial counsel was ineffective in failing to object to the jury instruction concerning the "cold, calculated, and premeditated" (CCP) aggravating circumstance. We disagree. The trial court delivered to the jury the then-standard jury instruction for this aggravator. Three weeks later, but before the trial court sentenced Thomas, this Court decided Jackson v. State, 648 So.2d 85 (Fla.1994), wherein we set forth a recommended expanded instruction for the CCP aggravator. The trial court reevaluated the CCP aggravator under Jackson and found that CCP was "clearly" established. Thomas raised the validity of the CCP jury instruction on direct appeal but this Court found the claim procedurally barred.[7]
The circuit court below denied relief on this claim for the following reason:
In Defendant's sentencing Order, this Court analyzed Defendant's sentence based upon the standard enunciated in Jackson, and found that the aggravator applied to Defendant. Therefore, Defendant is unable to demonstrate prejudice. Further, Defense counsel cannot be deemed ineffective for failing to object to a standard jury instruction which has not been invalidated at the time of a defendant's sentencing. Thompson v. State, 759 So.2d 650, 665 (Fla.2000); Downs v. State, 740 So.2d 506, 517 (Fla. 1999). Hence, Defendant is unable to demonstrate deficient performance.
Our review of the record shows that the circuit court's ruling comports with the applicable law. We find no error.
Finally, Thomas claims that the circuit court erred in rejecting his claim that trial counsel was ineffective in failing to object to the "heinous, atrocious, or cruel" (HAC) aggravating circumstance. We disagree. The circuit court denied relief on this claim for the following reason:
In Defendant's next allegation of ineffective assistance, he avers that this Court gave an incorrect instruction to the jury regarding the heinous, atrocious, or cruel (HAC) aggravator, to which counsel should have objected. However, as Defendant candidly concedes, the standard instruction which this Court provided the jury had already been determined to be proper. Hall v. State, 614 So.2d 473, 478 (Fla.1993). Therefore, counsel cannot be termed ineffective for failing to object to a standard jury instruction which has not been invalidated at the time of a defendant's sentencing. Thompson, 759 So.2d at 665; Downs, 740 So.2d at 517. Hence, Defendant is unable to demonstrate deficient performance, or prejudice to his case.
Our review of the record shows that the circuit court's ruling comports with the applicable law. We find no error.

VI. CONCLUSION
Based on the foregoing, we conclude that the circuit court did not err in rejecting each of the claims raised in Thomas's rule 3.850 motion.[8] We affirm the circuit court's order denying rule 3.850 relief.
It is so ordered.
*543 ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] The aggravating circumstances are set forth in this Court's opinion on direct appeal:

Thomas had committed a prior violent felony; the murder was committed in the course of a burglary; the murder was committed for financial gain; the murder was especially heinous, atrocious, or cruel (HAC); the murder was committed in a cold, calculated, and premeditated manner (CCP).
Thomas, 693 So.2d at 951 n. 1.
[2] Thomas's claims are summarized in this Court's opinion on direct appeal:

1) The State failed to prove the corpus delicti; 2) the sentencing order is deficient; 3) the CCP instruction was faulty; 4) the prosecutor misinformed the jury about the weighing process; 5) the court improperly informed the jury on the weighing process; 6) the HAC instruction was faulty; 7) the prosecutor made improper comments in closing; 8) the court used the felonies underlying the first-degree murder conviction as an automatic aggravator; 9) the evidence was insufficient to support the pecuniary gain aggravator.
Thomas, 693 So.2d at 951-52 n. 2.
[3] Thomas raises the following claims (as framed by Thomas) in his present appeal: (1) "the trial court erred in holding that the negotiated plea in another case waived defendant's right to appeal from any errors in the guilt phase of the trial in the instant case; alternatively, defendant was denied the effective assistance of counsel before trial because counsel failed to advise defendant against entering the negotiated plea in the other case;" (2) "appellant was denied the effective assistance of counsel because, before trial, counsel visited appellant infrequently, counsel failed to investigate the background of a key witness, and counsel failed to interview or present the testimony of available impeachment witnesses;" (3) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review improper comments by the state during its closing argument;" (4) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review numerous comments by the prosecutor which suggested that the law required a death penalty in the instant case;" (5) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review argument by the State which told the jury that the underlying crime of kidnapping was an automatic aggravating factor;" (6) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review instructions and argument which unconstitutionally and inaccurately diluted their sense of responsibility for sentencing;" (7) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review the jury instruction regarding the cold, calculated, and premeditated aggravating factor;" and (8) "appellant was denied the effective assistance of counsel during the sentencing phase of his trial because counsel failed to object to and thus preserve for review the jury instruction regarding the heinous, atrocious, or cruel aggravating factor."
[4] The plea agreement states in relevant part:

My attorney, the prosecutor, and I have negotiated my sentence in this case in that the prosecutor will recommend to the Judge of this Court that I be sentenced to: plead guilty to murder in the first degree [in the mother-murder case], adjudicated guilty, sentenced to life in Fl. State Prison with no possibility for parole for 25 yrs., sentence to be consecutive to sentences on all counts in [the wife-murder case]. I agree to waive my rights to appeal any matter whatsoever arising out of [the wife-murder case] whether direct, collateral or appeals under rule 3.850 FRCP. However, the defendant specifically reserves the right to appeal matters concerning the sentencing in [the wife-murder case] on the count alleging murder. Further waive all appeal rights, whether direct, collateral or under FRCP 3.850 in [the mother-murder case] except matters of sentencing.
[5] See Fla. R.Crim. P. 3.850(c)(6).
[6] See generally Bruno, 807 So.2d at 61-62.
[7] See Thomas v. State, 693 So.2d 951 (Fla. 1997).
[8] We also reject claims 3, 4, and 5 and any remaining claims or subclaims. Although our review of the record shows that several of the prosecutor's comments made during closing argument were improper, we conclude that the circuit court did not err in rejecting Thomas's ineffectiveness claim in this regard.