847 So.2d 599 (2003)
Jerail Leron LAW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-630.
District Court of Appeal of Florida, Fifth District.
June 20, 2003.
*600 Jerail Leron Law, Avon Park, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Jerail Leron Law appeals the summary denial of his rule 3.850 motion. Four of Law's claims of ineffective assistance of counsel were properly denied and do not merit discussion. However, we find that ground three is facially sufficient and is not refuted by the record.
Law was convicted of carjacking with a firearm, armed burglary of a dwelling with a firearm, aggravated assault with a firearm, and possession of a firearm in the commission of a felony. Law's convictions were affirmed on appeal. Law v. State, 824 So.2d 1055 (Fla. 5th DCA 2002). In ground three of his rule 3.850 motion, Law argues that his trial counsel was ineffective for failing to interview or call two alibi witnesses to testify on his behalf and support his defense of misidentification. As a result of counsel's omission, Law claims the victim's identification of Law was virtually unchallenged.
The trial court denied this ineffective assistance claim, pointing out that when the court questioned Law on his decision not to testify. Law indicated that the court should let defense counsel do his job and that he felt counsel was representing him "in the best way he can." The trial court found that Law could have complained of counsel's failure to call witnesses at that point, but failed to do so.
We conclude that Law's comments do not conclusively refute this ineffective assistance claim. First, the comments that the trial court pointed out pertained to Law's decision not to testify rather than his right to call witnesses. In addition, Law's statement indicating satisfaction, made after the state had rested, may have been made based on his belief that it was too late to call witnesses. Compare Stanley v. State, 703 So.2d 1156 (Fla. 2d DCA 1997) (plea agreement indicating defendant's satisfaction with defense counsel does not conclusively refute claim of ineffective assistance for failing to advise defendant of a possible defense). While the *601 supreme court affirmed the denial of post conviction relief where defense counsel failed to call exculpatory witnesses in Thomas v. State, 838 So.2d 535 (Fla.2003), the instant case is distinguishable. In Thomas, an evidentiary hearing was held, and counsel testified that he had discussed his decision with the defendant, who agreed with his strategy. In this case, defendant's motion was denied without an evidentiary hearing.
Additionally, it appears that no witnesses were called for the defense in this case. Although the victim identified Law, there was no physical evidence to connect him to the crime and no other witnesses. Therefore, there is a reasonable probability that alibi witnesses would have changed the outcome of the trial. In a similar situation, in Williams v. State, 507 So.2d 1122 (Fla. 5th DCA 1987), this court held that a decision not to present available exculpatory witnesses to impeach the state's eyewitnesses was ineffective assistance of counsel. In Williams, as in this case, there was no physical evidence connecting the defendant to the crime, and the decision in Williams not to call any witnesses was made solely to preserve rebuttal closing argument. This court held that "[a] trial strategy to do nothing ... is not an acceptable one." Id. at 1123; see also Cole v. State, 700 So.2d 33 (Fla. 5th DCA 1997). Because Law has made a facially sufficient claim which is not refuted by the record, we reverse the trial court's order as to ground three and remand for an evidentiary hearing.
AFFIRMED in part; REVERSED in part, and REMANDED for evidentiary hearing.
PETERSON and TORPY, JJ, concur.