860 So.2d 1028 (2003)
William R. HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2292.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*1029 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
William R. Hamilton appeals an order denying his motion for post conviction relief. Several of Hamilton's claims of ineffective assistance of counsel were properly denied and do not merit discussion. However, we conclude that certain claims of ineffective assistance were facially sufficient and reverse with respect to those claims.
Hamilton was convicted of first degree premeditated murder, robbery with a firearm, armed burglary, attempted first degree murder, and causing injury during the perpetration of a felony. Hamilton was sentenced to two consecutive life terms in prison, and his convictions were affirmed without opinion by this court. Hamilton v. State, 781 So.2d 377 (Fla. 5th DCA 2001). Subsequently, Hamilton filed a motion for post conviction relief, alleging 24 claims of ineffective assistance of counsel. The trial court denied relief on all grounds.
On appeal, Hamilton contends that the trial court erred in summarily denying several claims of ineffective assistance that he raised concerning counsel's failure to make objections, to introduce certain evidence, and to call and impeach certain witnesses. In summarily denying Hamilton's claims, the trial court stated that these grounds involved trial strategy and stated that, "[t]his court on inquiry into effectiveness of counsel, whether tactical or strategic, will not review specific discretionary or judgmental acts of trial counsel in a criminal prosecution." We disagree with this reasoning.
In Murphy v. State, 638 So.2d 975 (Fla. 1st DCA 1994), the trial court summarily denied the defendant's allegations concerning ineffective assistance and stated that even if the court found the defendant's allegations to be true, the defendant could not prevail because defendant's allegations involved judgment and strategy on the part of defense counsel. Id. at 976. The district court reversed the order denying relief and held that although defense counsel is entitled to broad deference regarding trial strategy, when the court is confronted with a claim of ineffective assistance, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Id.; see also Griggs v. State, 744 So.2d 1145, 1145 (Fla. 4th DCA 1999). Furthermore, in Ford v. State, 825 So.2d 358 (Fla.2002), the Florida Supreme Court held that without an evidentiary hearing or any record attachments refuting a petitioner's claim that his attorney failed to investigate defenses, a *1030 trial court is bound to assume that the allegations in the 3.850 motion are true. See also Davis v. State, 648 So.2d 1249 (Fla. 4th DCA 1995) (while the failure to object based on reasonable trial strategy may refute a claim of ineffective assistance, without an adequate record, the reviewing court is in no position to make such a fact-based determination). In the instant case, we find that the trial court erred in concluding that counsel's actions or inactions were tactical without conducting an evidentiary hearing or providing attachments conclusively refuting Hamilton's claims. Hamilton also contends that the trial court erred in summarily denying his claims that counsel was ineffective for failing to call available exculpatory witnesses. We agree. The trial court did not immediately deny Hamilton's claims that he had available exculpatory witnesses, but instead ordered the state to respond to Hamilton's claims. Pursuant to the order, the state filed a response contending that Hamilton's motion should be stricken because he failed to comply with Rule 3.030(a), Florida Rules of Criminal Procedure, by failing to serve the state a copy of his motion.[1] However, the state also noted that, "[i]f and when the defendant timely complies with the above-noted rule, his Ground 5 and 14 allegations, relating to claims of failure to investigate and present alibi witnesses raise colorable claims that likely will necessitate an evidentiary hearing." (emphasis added).
The trial court summarily denied Hamilton's claims, stating:
Contrary to the State's position [that Hamilton's claims would likely necessitate an evidentiary hearing], the record refutes the Defendant's allegations relating to trial counsel's failure to investigate and present alibi witnesses. Upon the request of the State Attorney,[[2]] the trial judge specifically asked the Defendant "Is there anything else, Mr. Hamilton, that you believe needs to be presented to the jury?" The Defendant responded, "No, sir." If the Defendant wanted to present any other witnesses, evidence or was unhappy with the trial counsel's investigative procedures he had the opportunity to inform the Court at that time.
We disagree that Hamilton's statement at trial conclusively refuted his claims. Our review of the record shows that when Hamilton replied, "No, sir," Hamilton asked the court if he could confer with his attorneys first. The trial court replied, "Yeah. No matter what the answer, we're leaving."
In Law v. State, 847 So.2d 599 (Fla. 5th DCA 2003), this court reversed an order denying post conviction relief where the appellant claimed that his counsel was ineffective for failing to call two alibi witnesses. Id. at 600. The trial court denied the motion by pointing out that when the trial court questioned the defendant, the defendant indicated that the court should let defense counsel do his job, "in the best way he can," and that the defendant could have complained at the time of counsel's failure to call witnesses. Id. Although we concluded based on the record that the *1031 defendant made those comments in connection with his decision to testify rather than his right to call witnesses, we noted that "[the defendant's] statement indicating satisfaction, made after the state had rested, may have been made based on his belief that it was too late to call witnesses." Id.
In the instant case, although Hamilton initially replied that he did not wish to call any more witnesses or provide further evidence, he then asked if he could confer with his attorneys. In response to Hamilton's request, the trial court stated that no matter what the answer, they were leaving. If Hamilton felt that it was too late to call additional witnesses, the trial court confirmed it by stating that they were leaving no matter what Hamilton's answer was. Therefore, we find that Hamilton's claim regarding counsel's failure to call certain exculpatory witnesses is not conclusively refuted by the record.
Accordingly, the order denying post conviction relief is reversed with respect to grounds 5, 6, 10, 11, 12, 13, and 14, and the cause is remanded for an evidentiary hearing or for attachments showing that Hamilton is not entitled to relief. In all other respects, the order is affirmed.
AFFIRMED in part; REVERSED in part, and REMANDED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] Rule 3.030(a), Florida Rules of Criminal Procedure, provides:

Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar paper shall be served on each party....
[2] The state attorney told the court, "I just request that you inquire of him if there's anymore witnesses or anymore evidence that he wants the jury to hear."