PER CURIAM.
Anthony Washington appeals a circuit court order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm.

Facts

The facts of the underlying crime are set forth in the Court’s opinion on direct appeal. See Washington v. State, 653 So.2d 362 (Fla.1994) (hereinafter Washington I). In 1989, Alice Berdat was found beaten to death in her bedroom. Washington, who was an inmate at a local work-release center, was arrested, tried, and convicted of first-degree murder, sexual battery, and burglary with a battery. The trial court overrode the jury’s life recommendation and imposed a death sentence based on four aggravating circumstances,[1] no statutory mitigating circumstances, and three nonstatutory mitigating circumstances.[2] Washington appealed and the Court affirmed. See id. Washington filed a motion under Florida Rule of Criminal Procedure 3.850, and the circuit court denied relief following an evidentiary hearing. Washington appealed and also filed a petition for writ of habeas corpus. The Court affirmed the denial of rule 3.850 relief and denied habeas relief. See Washington v. State, 835 So.2d 1083 (Fla.2002) (hereinafter Washington II). Washington then filed the present successive rule 3.851 motion, and the circuit court denied relief. Washington appeals.

Washington’s Claims

Washington claims that the override in this case is unlawful under Keen v. State, 775 So.2d 263 (Fla.2000), and related cases. We disagree. The judge in Keen overrode the jury’s life recommendation and imposed a death sentence, reasoning as follows:
Had the jury considered the aggravating and mitigating circumstances, the facts suggesting a sentence of death are so clear and convincing that virtually no reasonable person could differ. The mitigating evidence is wholly insufficient to outweigh the aggravating circumstances in support of a life sentence.
Id. at 283 (quoting sentencing order). This Court vacated Keen’s death sentence, ruling that the judge had erred in intermixing the legal standard for a life recommendation with the standard for a death recommendation:
*514 The singular focus of a Tedder [ 3] inquiry is whether there is “a reasonable basis in the record to support the jury’s recommendation of life,” rather than the weighing process which a judge conducts after a death recommendation.
Keen, 775 So.2d at 283 (citation omitted). The Court noted that the jury reasonably could have considered: (a) the State’s disparate treatment of an accomplice; (b) the accomplice’s credibility problems in testifying against Keen; and (c) Keen’s potential for rehabilitation as demonstrated by his otherwise productive life and good prison record.
Washington contends that the judge in the present case made the same mistake that the judge made in Keen. Here, the judge reasoned as follows:
[T]he law and the evidence in this case compel me to find that the aggravating circumstances present in this case so far outweigh the mitigating circumstances that a sentence of death for Anthony Washington is so clear and convincing that virtually no reasonable people, armed with all the facts and all the law, could differ.
(Emphasis added.) Based on the above language, we conclude that Washington is correct on this point: the judge here, as in Keen, intermixed the standards for life and death recommendations. Washington, however, is not entitled to relief on this claim for several reasons.
First, Washington failed to raise this claim in his present rule 3.851 motion, and he is procedurally barred from raising it now. See Thomas v. State, 838 So.2d 535, 539 (Fla.2003); Washington II, 835 So.2d at 1087. Second, the Court already has addressed the applicability of Keen on collateral review and has held that Keen was “[nothing] more than an application of our long-standing Tedder analysis.” Mills v. Moore, 786 So.2d 532, 540 (Fla.2001) (“Keen is not a major constitutional change or jurisprudential upheaval of the law as it was espoused in Tedder. Keen offers no new or different standard for considering jury overrides on appeal.”). Thus, Washington could and should have raised this claim at trial or on direct appeal, as did Keen, and it cannot now be presented in this rule 3.851 proceeding. Cf. Fla. R.Crim. P. 3.850(c). And third, on the merits, any error in this regard was harmless. Whereas in Keen there was ample mitigating evidence on which the jury reasonably could have based a life recommendation, here there was none. See Washington I, 653 So.2d at 366.

Conclusion

Based on the foregoing, we conclude that Washington is not entitled to relief under Keen v. State, 775 So.2d 263 (Fla.2000), and related cases. Nor is he entitled to relief under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See Johnson v. State, 904 So.2d 400 (Fla. 2005) (holding that Ring does not apply retroactively in Florida). We affirm the circuit court order denying Washington’s rule 3.851 motion.
It is so ordered.
WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs with an opinion.
PARIENTE, C.J., concurs in result only.
ANSTEAD, J., dissents.

. The court found that the following aggravating circumstances were established: Washington was under sentence of imprisonment when he committed the murder; he had a prior violent felony conviction; he was engaged in a burglary and sexual battery when he committed the murder; and the murder was especially heinous, atrocious, or cruel (HAC).

. The court found that the following nonstatu-toiy mitigating circumstances were established: Washington loved his mother; he had earned a high school diploma; and he had engaged in sports during his high school years.

. Tedder v. State, 322 So.2d 908 (Fla.1975).