PER CURIAM.
 

 Juan Gutierrez appeals the denial of his rule 3.850 motion alleging his trial attorney was ineffective for failing to investigate and present a potential alibi witness. We reverse to allow the trial court an opportunity to conduct an evidentiary hearing.
 

 Gutierrez pled no contest to aggravated battery on a law enforcement officer and grand theft of a motor vehicle, and was placed on four years’ probation with a special condition that he serve time in county jail. Gutierrez was subsequently charged with violating his probation by driving while license suspended and fleeing a law enforcement officer. At his violation of probation (“VOP”) hearing, Gutierrez requested a new attorney, asserting that his trial counsel only met with him two weeks prior to the hearing and he felt he was being “pushed” and “rushed into something.” The trial court conducted a Nelson
 
 [1]
 
 hearing on this claim. Defense counsel responded that she met with Gutierrez, was told of his defense, and took proper steps to ensure the presence of his witness at the hearing. The trial court, seeing that Gutierrez’s witness was present for the VOP hearing, denied his request for a new attorney, and proceeded with the VOP hearing.
 

 At the hearing, a police officer testified that he saw Gutierrez operating a vehicle, knew him from past encounters and knew his license was suspended. Gutierrez’s brother, David, was also in the vehicle. The officer attempted to pull over the vehicle, but the driver refused to stop and eventually eluded the officer.
 

 Gutierrez’s brother testified that he, not Gutierrez, was driving the car on the day in question. He further testified that Gutierrez was not in the car, but rather, a friend was in the car with him. The defense attorney argued that Gutierrez was
 
 *194
 
 not in the vehicle and that the police officer misidentified his brother as Gutierrez.
 

 The trial court found Gutierrez violated his probation by fleeing and eluding a police officer and driving while license suspended. Gutierrez’s probation was revoked and he was sentenced to twenty-five years’ incarceration on the aggravated assault on a law enforcement officer conviction, and a concurrent five years’ incarceration on the grand theft conviction. The revocation and sentences were affirmed
 
 per curiam
 
 without opinion.
 
 See Gutierrez v. State,
 
 892 So.2d 1054 (table) (Fla. 5th DCA 2005).
 

 Gutierrez subsequently filed a rule 3.850 motion asserting that his trial counsel failed to investigate or call a potential alibi witness. Specifically, he claimed that he informed his counsel, prior to the VOP hearing, that his boss, Jorge Anderson, was available to testify that, on the day of the incident, Anderson and he were working together refurbishing a house. Gutierrez argued that Anderson’s testimony would have demonstrated his innocence.
 

 The trial court denied Gutierrez’s rule 3.850 motion because his counsel stated at the
 
 Nelson
 
 hearing, that Gutierrez related that he was not in the car and listed his brother as a witness to support this defense. The trial court noted that Gutierrez did not contradict his counsel’s statements or inform the trial court during the
 
 Nelson
 
 hearing that he had another witness, Jorge Anderson. Further, the trial court concluded that the VOP transcript conclusively refuted Gutierrez’s claim because he did not inform the trial court that he was working on a house with Anderson at the time of the incident, and there was no indication that he told his counsel about Anderson prior to the hearing.
 

 The failure to call a witness can constitute ineffective assistance of counsel if the witness might be able to east doubt on the defendant’s guilt.
 
 Ford v. State,
 
 825 So.2d 358, 360-61 (Fla.2002);
 
 Spellers v. State,
 
 993 So.2d 1117, 1118 (Fla. 5th DCA 2008). If a motion presents a facially sufficient claim of ineffective assistance of counsel for failing to call a witness, the movant is entitled to an evidentiary hearing unless the motion is conclusively refuted by the record or is otherwise procedurally barred.
 
 Jacobs v. State,
 
 880 So.2d 548, 550-51 (Fla.2004);
 
 Spellers,
 
 993 So.2d at 1118. To set forth a facially sufficient claim, the movant must allege the identity of the potential witness, the substance of the witness’s testimony, how the omitted testimony prejudiced him, and that the witness was available for trial.
 
 Spellers,
 
 993 So.2d at 1118.
 

 The transcript attached to the trial court’s order does not conclusively refute Gutierrez’s claim that his counsel failed to investigate a potential alibi witness. Although the trial court denied, in part, the motion because Gutierrez failed to mention that he wanted another witness called, the transcript indicates that he may not have been afforded the opportunity to do so. During the
 
 Nelson
 
 hearing, Gutierrez explained why he wanted a new attorney. His attorney explained she was informed of his alibi and took steps to secure the necessary witnesses. After denying Gutierrez’s motion to discharge counsel, Gutierrez stated, “Your Honor?” The trial court replied, “We’re done talking.” Similarly, after the trial court found Gutierrez violated his probation, the trial court gave him the opportunity to address the court by stating, “You’re about to get sentenced. Do you want to say anything to me about that[?]”
 

 In
 
 Law v. State,
 
 847 So.2d 599, 600 (Fla. 5th DCA 2003), this court reversed an order denying postconviction relief where a defendant claimed his counsel was ineffective in failing to call two alibi -witnesses.
 
 *195
 
 The trial court denied the motion, pointing out that when the trial court questioned the defendant, the defendant indicated that the court should let defense counsel do his job “in the best way he can,” and that the defendant could have complained at the time about counsel’s failure to call witnesses.
 
 Id.
 
 This court concluded that based on the record, the defendant made those comments in connection with his decision to testify, rather than his right to call witnesses. However, this court added that the defendant’s statement indicating satisfaction, made after the State had rested, may have been based on his belief that it was too late to call witnesses.
 
 Id.
 

 Likewise, in
 
 Hamilton v. State,
 
 860 So.2d 1028 (Fla. 5th DCA 2003), this court reversed the summary denial of a claim that counsel failed to call a witness. The trial court based its denial on record excerpts of the defendant’s negative responses when the trial court asked him if there was anything else he needed to present to the jury. This court found the record did not conclusively refute the defendant’s claim because although he initially stated that he did not wish to present further evidence or witnesses, when he asked if he could confer with counsel, the trial court replied that he could, but “no matter what the answer, we’re leaving.”
 
 Id.
 
 at 1030.
 

 Similar to
 
 Law
 
 and
 
 Hamilton,
 
 the record does not refute Gutierrez’s claim because he either was not given the opportunity to indicate he wanted another witness called, or may have thought it was too late to so inform the trial court. Accordingly, we reverse for an evidentiary hearing.
 

 REVERSED AND REMANDED.
 

 LAWSON, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).