PER CURIAM.
 

 Steven Tippins timely appeals the trial court’s order denying his motion for post-conviction relief. He argues that the trial court erred in failing to give him an opportunity to amend grounds one, four, five and eight of his motion for postconviction relief, and that the trial court further erred in denying his motion to disqualify. The State concedes error with respect to ground eight, agreeing with Tippins that he should have been granted leave to amend with respect to ground eight only, and with respect to Attorney Candice Hawthorne only.
 
 [1]
 

 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). Finding no trial court error with respect to any other issue on appeal, we reverse only as to the summary denial of ground eight, affirm as to all other issues, and remand with instructions that Tippins be granted a reasonable time within which to file an amended post-conviction motion relating to Attorney Hawthorne’s representation, as to ground eight only.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
 

 ORFINGER, LAWSON, and EVANDER, JJ., concur.
 

 [1]
 

 . As his eighth ground for relief, Tippins alleged that his trial attorneys were ineffective for failing to procure John Usher to testify at trial. This ground was legally insufficient in that it did not allege that Usher was available to testify, or how his testimony would have changed the outcome of Tippins' second trial, at which he was represented by Attorney Hawthorne.
 
 See Gutierrez v. State,
 
 27 So.3d 192, 194 (Fla. 5th DCA 2010) (to establish ineffective assistance on this basis, the defendant must prove the following four elements: "the identity of the potential witness, the substance of the witness' testimony, how the omitted testimony prejudiced him, and that the witness was available for trial''). Otherwise, all allegations in regard to Tippins’ counsel from his first trial, Janice Orr, were properly denied as successive. Fla. R.Crim. P. 3.850(f);
 
 Thomas v. State,
 
 838 So.2d 535 (Fla.2003);
 
 McKenley v. State,
 
 937 So.2d 223 (Fla. 3d DCA 2006);
 
 Young v. State,
 
 724 So.2d 665 (Fla. 5th DCA 1999).