POLSTON, J.,
dissenting.
I disagree with the majority’s conclusion that Robinson has demonstrated prejudice relating to trial counsel’s failure to investigate and present mitigating evidence. Even when considering the mitigating evidence presented during the postconviction evidentiary hearing, there is no “reasonable basis in the record to support the jury’s recommendation of life.” Washington v. State, 907 So.2d 512, 514 (Fla.2005) (quoting Keen v. State, 775 So.2d 263, 283 (Fla.2000)). As the postconvietion court accurately determined, the mitigation presented during the postconviction evidentia-ry hearing was merely repetitive of the mitigation presented to the jury during the penalty phase and to the trial court during the Spencer-like hearing. And this Court upheld the life override on direct appeal, *186 explaining that “the potential mitigating evidence presented in this case does not provide a reasonable basis for the jury’s recommendation.” Robinson v. State, 610 So.2d 1288, 1292 (Fla.1992).
The majority bases its conclusion that Robinson has demonstrated prejudice entirely upon this Court’s recent decision in Coleman v. State, 64 So.3d 1210 (Fla.2011). See majority op. at 184-85. However, unlike the situation here, Coleman presented additional mitigating evidence during the postconviction evidentiary hearing that would have provided a reasonable basis for the jury’s recommendation of life. Most notably, Coleman presented evidence that he “suffered from mental health illness and deficiencies,” that he “was molested as a child,” that he had “history of special education placement,” and that he suffered “a severe head injury.” Majority op. at 184 (describing the substantial mitigation presented at the postconviction evidentiary hearing in Coleman). No similar mitigation involving mental health issues, molestation, or head injury exists in this case.
Accordingly, because Robinson has failed to demonstrate prejudice and because this case is drastically different from Coleman, I would uphold the denial of Robinson’s postconviction motion. I respectfully dissent.
CANADY, J., concurs.