PER CURIAM.
Appellant, Jamel Smith, appeals the summary denial of his three-claim motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of Smith’s second and third claims without further discussion, but reverse that portion of the order summarily denying Smith’s first claim. In that claim, Smith alleged that his trial counsel was ineffective for failing to call three alibi witnesses. Smith supported the motion with affidavits from two of the purported witnesses, as well as his own affidavit. The trial court correctly noted that Smith did not include in his affidavit any sworn statement that the witnesses were available to testify. To the extent that this was the basis for the trial court’s denial, Smith should have been given an opportunity to amend his motion. See Spera v. State, 971 So.2d 754 (Fla.2007). The trial court also discussed the affidavits and concluded that the testimony would not have made a difference at trial, in part based upon the judge’s conclusion that none of the witnesses actually accounted for Smith’s whereabouts at the time of the crime for which Smith was convicted. Contrary to *1207 the trial court’s conclusion, one purported witness, Smith’s sister, averred that Smith was with her (at her apartment) at the same time that the charged crime was taking place (at another location). We conclude that between the motion and affidavits, Smith sufficiently alleged' that counsel was ineffective for failing to investigate and call the purported witnesses. “If a motion presents a facially sufficient claim of ineffective assistance of counsel for failing to call a "witness, the movant is entitled to an evidentiary hearing unless the motion is conclusively refuted by the record or is otherwise procedurally barred.” Gutierrez v. State, 27 So.3d 192, 194 (Fla. 5th DCA 2010). “The purpose of the evidentiary hearing is to determine whether trial counsel acted reasonably in not presenting the alleged exculpatory evidence.” Perez v. State, 128 So.3d 223, 226-27 (Fla. 2d DCA 2013). On remand, the trial court is directed to either grant Smith leave to amend his first claim, pursuant to Spera, or grant an evidentiary hearing on the claim.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
TORPY, C.J., LAWSON, and WALLIS, JJ., concur.