[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11372
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00803-RBD-TBS


ANTHONY D. GREENWOOD,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 7, 2019)

Before MARCUS, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Greenwood appeals the district court's denial of his pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] We granted a certificate of appealability on the issue of "whether the district court erred in deeming procedurally defaulted Mr. Greenwood's claim that trial counsel rendered ineffective assistance by failing to investigate and prepare adequately for trial." After reviewing the evidence presented, we answer this issue in the negative and conclude that the district court did not err. Greenwood did not give the state court an opportunity to decide his claim and has not shown cause sufficient to excuse his failure to present the claim. Accordingly, we affirm.

## I.

On December 3, 2010, a Florida jury found Greenwood guilty of possession of a firearm by a convicted felon in violation of Fla. Stat. § 790.23[2] (count one) and resisting an officer without violence in violation of Fla. Stat. § 843.02[3] (count two). Testimony at trial established that the Palm Bay Police Department received a tip from a confidential informant that illegal activity would take place at a certain

---

[1] While this appeal was pending, Greenwood was released to community supervision. We nevertheless have jurisdiction because the expiration of a petitioner's sentence before his application is fully adjudicated does not terminate federal jurisdiction. Carafas v. LaVallee, 391 U.S. 234, 239 (1968).

[2] "It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, . . . if that person has been: . . . [c]onvicted of a felony." Fla. Stat. § 790.23 (1)(a).

[3] "Whoever shall resist, obstruct, or oppose any officer . . . , without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree." Fla. Stat. § 843.02.

time and place.  The police arrived at the scene in question, where they found

Greenwood, who started running.  While in flight, Greenwood dropped a firearm

on the ground.  Greenwood's attorney, Todd Deratany, hoped that the case would

end in a plea agreement.  The State offered a three-year sentence, but after

Deratany contacted a supervisor from the State Attorney's Office, the State

withdrew the three-year offer.  Immediately before trial began, Deratany told the

court that he had not spent much time working on the case because he hoped that

the case would be resolved with a plea agreement.

The court sentenced Greenwood to seven years as to count one and 258 days

as to count two with credit for time served.  The Florida Fifth District Court of

Appeal affirmed.  On January 22, 2013, Greenwood filed a pro se motion for post-

conviction relief with the state court under Florida Rule of Criminal Procedure

3.850.  As relevant to this appeal, that motion alleged that his counsel was

ineffective because he failed to depose witnesses, failed to test a gun for

fingerprints and DNA evidence, and failed to interview and call witnesses who

might have presented exculpatory evidence.  The state court held an evidentiary

hearing, and, on November 21, 2013, denied post-conviction relief.   The Fifth

District Court of Appeal affirmed.

Greenwood timely filed a pro se habeas petition under 28 U.S.C. § 2254 in

federal court on May 15, 2015, which the district court dismissed without

3

prejudice.   On August 3, 2015, Greenwood filed an amended habeas petition that

presented three claims.  Claim one—the only claim at issue here—stated:

> The Petitioner retained Todd Deratany, on 10/22/10, to represent him in lower court proceedings. Counsel appeared before the trial court on December 2, 2010 on the Petitioner's behalf. Counsel testified before the court that he was not prepared to proceed to trial. Counsel conceeded during Petitioner's evidentiary hearing that he believed [they] would resolve the case with a plea offer which, in fact, the Petitioner had signed and agreed to. The plea offer was for 3 years. However, due to the above, the Petitioner lost the advantageous plea offer and was forced to proceed to trial with an unprepared counsel where the plea offer was accepted by the Petitioner, would have been accepted by the court, and would have resulted in a lesser sentence than was ultimately imposed. See Motion for Postconviction Relief attached and herein incorporated by reference.

The district court denied the petition after concluding (1) that claim one was

procedurally defaulted because Greenwood failed to exhaust his state court

remedies, and (2) that the remaining claims failed on the merits.  We granted a

certificate of appealability on the question of whether the district court properly

concluded that claim one was procedurally defaulted.

## II.

As a threshold matter, we liberally construe pro se pleadings.  Tannenbaum

v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  In examining the denial of

a § 2254 petition, we review questions of law and mixed questions of law and fact

de novo, and findings of fact for clear error.  Prevatte v. French, 547 F.3d 1300,

1302 (11th Cir. 2008).

4

Before bringing a habeas action in federal court, the petitioner must exhaust his claims by presenting them to the state courts, either on direct appeal or collateral review.  28 U.S.C. § 2254(b), (c); Castille v. Peoples, 489 U.S. 346, 351 (1989).  In doing so he "must afford the State a full and fair opportunity to address and resolve the claim on the merits." Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343 (11th Cir. 2004) (quoting Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992)).  The exhaustion requirement applies "not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief." Id. at 1344.  With respect to ineffective assistance of counsel claims, the "particular factual instances of ineffective assistance of counsel" must first be presented to the state courts.  Id.  In other words, "the habeas petitioner must assert [the] theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice." Id.

In Kelley, we concluded that a habeas petitioner failed to meet the exhaustion requirement because he did not challenge, in state court, the particular instance of ineffective assistance that he raised in his habeas petition.  Id. at 1350.  In his state post-conviction motion, Kelley argued that his attorneys failed to develop defense theories, including the theory that another person performed the crime unassisted or that another person registered at a motel under Kelley's name.  Id. at 1348.  In his § 2254 petition, however, he argued that his attorneys were

5

ineffective because they either failed to investigate before trial or relied on a disbarred attorney for pretrial investigation.  Id. at 1347.  We concluded that Kelley's federal claim was unexhausted because it presented a different factual instance of ineffective assistance from that presented in state court.  Id. at 1348. We explained that the federal claim was not "merely a clarified rendition" of the state court claim because Kelley's state court filings concerned a different instance of ineffective assistance that did not involve reliance on the disbarred attorney.  Id. at 1348–49.

Here, as in Kelley, Greenwood challenged different acts of his counsel in state court than he challenged in his § 2254 petition.  Greenwood's § 2254 claim, even liberally construed, argues that counsel lost the plea agreement by seeking a lower sentence than the State offered, expressed ignorance at the revocation of the agreement, and as a result, was unprepared for trial.[4]  However, in the state court, he argued that counsel failed to investigate by deposing state witnesses, interviewing potential defense witnesses, and consider possible DNA or fingerprint evidence.

Moreover, even if we construed Greenwood's claim more broadly as one concerning counsel's failure to prepare for trial, that claim is different from the failure to investigate claim Greenwood made in state court.  Admittedly,

---

[4] This is also how the State understood Greenwood's argument in his § 2254 petition.

Greenwood's state- and federal-court claims are factually related. Deratany testified that he was unprepared for trial because he had expected the case to be resolved by a plea agreement; the motion states that counsel told the trial court that he was unprepared for trial. But it is not "sufficient that all the facts necessary to support the claim were before the state courts or that a similar state-law claim was made." Id. at 1344. The *claims* themselves must be the same.

Here, in federal court, the essence of Greenwood's § 2254 claim is that Deratany lost his client an advantageous plea deal, failed to prepare for trial because he was unaware that the plea deal had been lost, and as a result, was unprepared for trial during jury selection. In contrast, the state-court claim concerned Deratany's failure to interview and depose witnesses and investigate DNA and fingerprint evidence. Accordingly, the state courts never had the opportunity to decide Greenwood's claims related to the botched plea agreement because he raised them for the first time in federal court.[5]

Examining how a court would assess the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), with respect to each claim illustrates the practical distinction between Greenwood's claims. In examining counsel's failure to investigate, the court would look to whether the outcome of the trial would have

---

[5] We recognize that Greenwood, in his § 2254 petition, attempted to incorporate his Rule 3.850 motion by reference. However, we conclude that such a general reference was insufficient to transform his unexhausted plea negotiations claim into his exhausted failure to investigate claim.

been different had counsel fully investigated the case by contacting certain witnesses or by investigating DNA or fingerprint evidence. Indeed, that is how the state court approached the prejudice question. See, e.g., Housel v. Head, 238 F.3d 1289, 1294–97 (11th Cir. 2001). In contrast, a prejudice analysis of the claim Greenwood presented to the district court would focus on whether he would have received a more favorable sentence under the plea agreement than he received at trial had counsel not caused the state to withdraw the plea offer. See, e.g., Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014). The state court did not have an opportunity to conduct the latter analysis because Greenwood never presented that claim.

Nevertheless, Greenwood argues that he cured any defect in his original petition by providing additional details about his claim in his reply. But Greenwood presented an entirely different claim in his reply. If Greenwood had alleged failure to investigate in his petition and then, on reply, specified that counsel failed to investigate fingerprint or DNA evidence, this case would be decided differently, because he would be adding onto an argument that he made in his initial brief. Instead, Greenwood's petition alleged that his counsel lost him a favorable plea agreement, was ignorant of its revocation, and then was unprepared for trial as a result. His reply then raised a new factual instance of ineffective assistance based on a failure to investigate by failing to interview and call

8

witnesses, failing to depose the State's witnesses, or failing to investigate DNA or fingerprint evidence.  The district court was not obligated to consider this new argument raised in Greenwood's reply. Herring, 397 F.3d at 1342.[6]

### III.

When a petitioner has failed to exhaust state court remedies, and it is clear that any attempt to do so would be barred in state court, the claim is considered procedurally defaulted.  Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). It is clear that Greenwood's unexhausted claim would be procedurally barred in state court because he has not alleged newly discovered evidence or a new constitutional right.  Young v. State, 724 So. 2d 665, 665 (Fla. 5th Dist. Ct. App. 1999) (explaining that second or successive Rule 3.850 petitions are not permitted "absent allegations of newly discovered evidence or a new constitutional right").

Greenwood argues that, even if his claim is procedurally defaulted, the district court should have excused the default because he did not receive the transcripts of the jury selection and motion in limine proceedings.  Federal courts will consider a claim despite procedural default if the petitioner can show cause for his failure to properly present the claim and actual prejudice, or that failing to consider the claim would result in a fundamental miscarriage of justice.  Coleman

---

[6] Greenwood also argues that the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by not considering on the merits his allegations of failure to investigate. However, this issue is outside the issues enumerated in the certificate of appealability.  Our "appellate review is limited to the issues specified in the COA." Maharaj v. Sec'y for the Dep't of Corr., 432 F.3d 1292, 1302 (11th Cir. 2005)

v. Thompson, 501 U.S. 722, 750 (1991); Sullivan v. Sec'y, Fla. Dep't of Corr., 837 F.3d 1195, 1201 (11th Cir. 2016).  A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Wright v. Hopper, 169 F.3d 695, 705 (11th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)).

Greenwood's attempt to excuse his claim from procedural default fails for three reasons.  First, the transcripts did not cause his failure to present his claim in the state courts because he raised the claim in his § 2254 petition despite not having the transcripts available.  Second, the transcripts are only relevant to show that Deratany told the court he was unprepared for trial, which Greenwood could have shown with the transcript from his Rule 3.850 hearing where Deratany admitted he told the court he was unprepared.  See McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir. 1992) (concluding that the petitioner did not establish cause where he failed to show there were no other materials available that would have fulfilled the same function as the transcript).  Finally, Greenwood does not argue that failure to consider his claim would result in a fundamental miscarriage of justice.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) (arguments not raised on appeal are waived).  Thus, the district court did not err in deciding not to consider Greenwood's unexhausted claim.

**AFFIRMED.**