751 So.2d 602 (1998)
Shawn SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03586.
District Court of Appeal of Florida, Second District.
November 20, 1998.
PER CURIAM.
Shawn Sampson appeals the trial court's order denying his motion for postconviction relief. Sampson's claim that trial counsel was ineffective for failure to inform Sampson of his right to self-representation is without merit and thus affirmed. However, the claim that failure to present an intoxication defense constituted ineffective assistance of trial counsel requires remand for attachments conclusively refuting the claim or an evidentiary hearing.
The order denying the rule 3.850 motion and its attachments do not demonstrate conclusively that Sampson is not entitled to relief. The trial court determined that trial counsel's failure to raise a voluntary intoxication defense was a strategic decision based on the incompatibility of the intoxication defense with the defense actually used, that the shooting underlying the murder conviction was accidental. To conclude that an action or inaction taken by a trial attorney was a strategic decision generally requires an evidentiary hearing. See Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995). In his motion, Sampson asserts the appropriate prerequisites for a valid ineffective assistance claim based on a failure to raise the intoxication defense, i.e., he was intoxicated when the crimes occurred, he told his attorney of his intoxication, and he gave his attorney a list of witnesses who could corroborate his intoxication. See Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998) (identifying factual allegations that support requiring an evidentiary hearing on voluntary intoxication claims); see also Wright v. State, 675 So.2d 1009 (Fla. 2d DCA 1996). Sampson's crimes also satisfy the criterion that they be specific intent crimes in order for the defense to be available.
Accordingly, this case is remanded for the trial to court to either conduct an evidentiary hearing, or to deny the claim without a hearing if record attachments conclusively refute Sampson's allegations.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and BLUE and SALCINES, JJ., concur.