742 So.2d 463 (1999)
Melissa Sue EASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03212.
District Court of Appeal of Florida, Second District.
September 17, 1999.
PER CURIAM.
Melissa Sue Easley appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the portion of the trial court's order that addresses Easley's claim that her trial counsel was ineffective for failing to investigate an insanity defense, and affirm the balance of the order without discussion.
Easley was convicted of attempted first-degree murder and first-degree murder. She alleges that her trial counsel was ineffective for failing to investigate an insanity defense to both convictions. The trial court denied relief on the ground that there was no evidence in the record that Easley was insane. However, the portions of the record attached to the motion show that her psychiatrist testified that Easley had a history of severe depression, had at least one psychotic episode in the past, would, at times, dissociate, and was on several psychotropic medications at the time of the offense. The psychiatrist also testified that Easley did not have the ability to "premeditate or reflect" on her actions when she shot the victims. Other witnesses testified that Easley had ingested illegal drugs and a vast quantity of alcohol on the day of the shootings.
The trial testimony concerning Easley's mental health and state of mind at the time of the shootings supports the contention *464 that trial counsel should have investigated the feasibility of presenting an insanity defense on Easley's behalf. Whether this occurred, and, if so, why the defense was not presented is not apparent from the attachments to the order denying relief. See, e.g., Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995). Accordingly, the trial court is directed to reconsider this claim, and either attach portions of the record that conclusively rebut it, or conduct an evidentiary hearing on the claim.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and ALTENBERND and CASANUEVA, JJ., Concur.