PARKER, Acting Chief Judge.
Miguel Espinosa seeks review of the trial court order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we find that two of Espi-nosa’s claims are facially sufficient, we reverse and remand this case for further consideration by the trial court.
Although Espinosa raises four issues on appeal, we find that only two issues alleging ineffective assistance of trial counsel merit discussion. First, Espino-sa claims that trial counsel incorrectly advised him that voluntary intoxication was not a defense to specific intent crimes. The trial court based its denial of relief on its finding that counsel is not ineffective when he makes a tactical decision not to present this defense. However, a determination of whether an action or inaction taken by trial counsel was a tactical decision generally requires an evidentiary hearing. See Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998).
Espinosa also alleges that trial counsel incorrectly advised him that if he rejected the plea agreement for five years as a habitual offender and chose to go to trial, Espinosa would receive more than sixty years in prison. But for this advice, Espinosa claims that he would have proceeded to trial. The trial court, as a basis for denying relief, attached Espinosa’s plea form, which states that Espinosa was neither threatened nor coerced to enter a plea, and that Espinosa had discussed with his counsel the charges, possible sentences, and potential defenses.
We conclude that Espinosa has made a facially sufficient claim that his plea was involuntary based upon alleged misinformation from his counsel. The signed plea form is insufficient to foreclose Espinosa’s right to postconviction relief founded upon alleged misinformation by his counsel, see Beier v. State, 684 So.2d 306 (Fla. 2d DCA 1996), and we have been provided no trial transcript to otherwise refute Espinosa’s claim.
Upon remand, the trial court should reconsider Espinosa’s two claims of ineffective assistance of counsel and either deny them by attaching a sufficient record for *723 appellate review, or grant Espinosa an evi-dentiary hearing on the claims.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.