779 So.2d 550 (2001)
Markus FORSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3655.
District Court of Appeal of Florida, Second District.
January 19, 2001.
PER CURIAM.
Markus Forster appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Forster has stated facially sufficient claims which are not refuted by the record, we reverse and remand for reconsideration of the claims on their merits.
Forster claimed that his plea to several charges was involuntary because he was incompetent at the time he entered his plea. He also claimed that his trial counsel was ineffective for failing to raise this issue with the trial court. Forster stated that he had been prescribed Mellaril and Lithium for a bi-polar disorder at the time of his plea and that he was not administered his medication while being held in pretrial detention. According to Forster, this lack of medication negatively affected his judgment and comprehension. This claim must be addressed on its merits by the trial court. See Irving v. State, 741 So.2d 519 (Fla. 2d DCA 1999).
Forster further alleged that his trial counsel was ineffective because he failed to explore the defense of not guilty by reason of insanity, despite being provided with Forster's extensive psychiatric history. Forster contended that his psychiatric problems robbed him of the intent necessary to be convicted of the crimes for which he was charged. This is a facially sufficient claim. See Easley v. State, 742 So.2d 463 (Fla. 2d DCA 1999). If the trial court again summarily denies Forster's motion, it must attach those portions of the record which refute the claim. See Wilson v. State, 692 So.2d 971 (Fla. 2d DCA 1997).
Reversed and remanded.
FULMER, A.C.J., and GREEN and DAVIS, JJ., concur.