BLUE, Chief Judge.
Thomas Robbin Phillips appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. The trial court denied the motion with no explanation or analysis. We reverse in part and affirm in part.
Phillips claims that he was misled by his counsel and by the State into accepting a plea offer, thereby rendering his plea involuntary. He alleges that his attorney did not inform him that he faced habitualization prior to sentencing and that the State failed to provide notice of its intent to seek habitualization. Phillips further contends that he was misinformed *1034 about his eligibility for gain time and that his attorney told him that if he went to trial he would be sentenced to thirty years in prison. These are facially sufficient claims and must be addressed on their merits. See Espinosa v. State, 759 So.2d 721 (Fla. 2d DCA 2000).
Phillips also asserts that his attorney was ineffective because he did not seek to enforce the Interstate Agreement on Detainers, section 941.45, Florida Statutes (1999). According to the facts alleged by Phillips, he would have been discharged prior to entry of his plea if his attorney had filed a proper motion. See Fuente v. State, 549 So.2d 652, 654 (Fla.1989). If, as Phillips alleges, he asked his attorney to seek discharge and the attorney failed to do so, this claim is also facially sufficient. If this claim is once again summarily denied, the trial court must explain the basis of the denial and attach record excerpts that demonstrate conclusively that Phillips is not entitled to relief.
Phillips’ remaining claim concerning his counsel’s alleged failure to make a counteroffer to the State’s plea offer is facially insufficient. We affirm the trial court’s denial of relief on this issue.
Affirmed in part, reversed in part and remanded.
FULMER and GREEN, JJ., Concur.