806 So.2d 547 (2001)
Willie ARMSTRONG, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4047.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*548 BLUE, Chief Judge.
Willie Armstrong, Jr., appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. Armstrong made six claims of ineffective assistance of counsel in his motion, all of which were denied by the trial court. We find that two of the claims are not conclusively refuted by the attachments to the trial court's order and reverse on these points. We affirm the denial of the remaining four claims without comment.
Armstrong was convicted of kidnapping, sexual battery, and burglary of a dwelling after a jury trial. Armstrong claimed that his trial counsel was ineffective for failing to object to the admission at trial of a tape of an interview of Armstrong. Armstrong contended that the tape contained the comments of the officer who conducted the interview that reflected the officer's opinion of Armstrong's truthfulness and guilt as well as the officer's opinion of the mental state of the victim.
The transcript attached to the trial court order reflects that Armstrong's attorney requested that these statements be redacted from the tape, and the court refused the request. However, Armstrong argued that this issue was not preserved for appellate review. The portion of the transcript provided to this court that contains the discussion of the tape does not establish the context of the discussion. Consequently, we are unable to determine whether the objection to the allegedly prejudicial comments was properly preserved. If, on remand, the trial court ascertains that the issue was not preserved, it must then consider whether Armstrong was prejudiced by this omission. If, after having made these evaluations, the trial court finds that the claim should again be summarily denied, it must attach those portions of the record that support its conclusions.
Armstrong's other facially sufficient claim was that his trial counsel was ineffective for failing to call a witness, his father, whose testimony would have impeached the victim's testimony that she did not know any of the perpetrators. According to Armstrong, his father saw the victim and Armstrong together smoking marijuana prior to the offense. This is a facially sufficient claim. See Tyler v. State, 793 So.2d 137 (Fla. 2d DCA 2001).
The trial court denied this claim, stating that the father's testimony would not have changed the outcome of the trial. Once again, this conclusion is not supported by the attachments to the order. On remand, if the trial court again determines that this claim should be summarily denied, the court shall attach to its order those portions of the record that demonstrate conclusively that Armstrong is not entitled to relief.
Affirmed in part, reversed in part, and remanded.
COVINGTON, J., and THREADGILL, EDWARD F., Senior Judge, Concur.