827 So.2d 1060 (2002)
Carlos GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-91.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*1061 BLUE, Chief Judge.
Carlos Green appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Green raised twelve claims of ineffective assistance of counsel, all of which were denied. We conclude that all but two of the claims are without merit. We affirm the denial of claims one, two, and five through twelve without discussion. On the two remaining claims, we reverse.
Mr. Green was charged with second-degree murder and convicted by a jury of manslaughter. He claimed self-defense. One of his claims of ineffective assistance alleged that defense counsel failed to call several witnesses who would have supported his defense.
The trial court correctly found this claim to be facially sufficient. See Odom v. State, 770 So.2d 195 (Fla. 2d DCA 2000). A trial court must attach portions of the record that conclusively establish that the failure to call named witnesses would have been merely cumulative or of no benefit in light of the evidence presented at trial through other witnesses. Id. at 197. Although portions of the record were attached, those portions do not refute this claim. A trial court's finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. See Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998); Comfort v. State, 597 So.2d 944, 945 (Fla. 2d DCA 1992).
Therefore, on this claim we reverse. On remand, if the trial court determines that the claim should be summarily denied, it should attach the additional portions of the record that demonstrate conclusively that Mr. Green is not entitled to relief or conduct an evidentiary hearing. See Armstrong v. State, 806 So.2d 547, 548 (Fla. 2d DCA 2001); Sampson, 751 So.2d at 602.
Mr. Green also claimed ineffctive assistance because defense counsel failed to investigate and test automatic shell casings found at the scene. He asserted the shell casings could provide exculpatory evidence that others were armed that night. He claimed this information would have assisted his defense of self-defense.
The trial court again failed to attach portions of the record that refute this claim. The attachments relate to State test results of gunshot residue, and a defense motion to compel State ballistics tests, experiments, or comparisons. These items show some evidence but not conclusive evidence to refute Mr. Green's claim. Therefore, we reverse and remand for the trial court to reconsider the claim and either attach portions of the record that conclusively refute the claim or conduct an evidentiary hearing. See Armstrong, 806 So.2d at 548; Easley v. State, 742 So.2d 463 (Fla. 2d DCA 1999).
Affirmed in part, reversed in part, and remanded.
FULMER and DAVIS, JJ., Concur.