884 So.2d 278 (2004)
Jose ACOSTA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4947.
District Court of Appeal of Florida, Second District.
August 13, 2004.
WALLACE, Judge.
Jose Acosta, Jr., appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand with instructions.
On January 24, 2001, a jury found Acosta guilty of false imprisonment, armed burglary of a dwelling, two counts of aggravated assault with a firearm, and shooting at or within a dwelling. He is currently serving a twenty-year minimum mandatory sentence.
Before he went to trial, Acosta wrote a letter to the court to complain that his retained counsel was not keeping him informed about the case. A "Nelson inquiry" hearing followed, and counsel ultimately stayed on the case. See Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). After trial, Acosta timely filed a motion for new trial in which he raised one claim of *279 harmful error caused by the State and one claim of ineffective assistance of counsel. He was represented by counsel at the hearing on the motion. The motion for new trial was denied, and this court affirmed the trial court's denial.
Acosta then timely filed this motion for postconviction relief, in which he raised three grounds of ineffective assistance of counsel. The trial court denied the motion "in compliance with Rule 3.850(d)" based on "the legal theory of Res Judicata, insofar as the issues raised by the Defendant in his Pro Se Motion for Postconviction Relief have already been addressed by the Second District Court of Appeal." We differ with the ruling of the trial court because "unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion." Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). Accordingly, we conclude that the trial court improperly denied Acosta's postconviction motion on the ground that the ineffective assistance of counsel issue was raised in his motion for new trial. On remand, the trial court may again summarily deny relief if it can attach portions of the record that conclusively refute Acosta's claims of ineffective assistance of counsel, or in the alternative, it may hold an evidentiary hearing to resolve issues of fact raised in Acosta's motion. See Reese v. State, 869 So.2d 1225, 1227 (Fla. 2d DCA 2004).
Reversed and remanded.
ALTENBERND, C.J., and DAVIS, J., Concur.