975 So.2d 485 (2007)
Charlie JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5732.
District Court of Appeal of Florida, Second District.
July 18, 2007.
*486 CASANUEVA, Judge.
Charlie Jackson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively refute Mr. Jackson's claim that his counsel was ineffective for failing to introduce certain medical testimony, we reverse in part. We affirm the postconviction court's order in all other respects.
Mr. Jackson was found guilty by a jury of one count of sexual battery and was sentenced to life imprisonment. In his rule 3.850 motion, Mr. Jackson contended that his counsel was ineffective for failing to introduce into evidence a medical evaluation report and for failing to call medical experts to testify that there was no evidence that the victim had been penetrated. The postconviction court found that defense counsel's decisions were strategic and denied Mr. Jackson's motion.
Although strategic decisions generally do not constitute ineffective assistance of counsel, an evidentiary hearing may be necessary to determine whether counsel's decisions were the product of strategy or ineptitude. See Hamilton v. State, 915 So.2d 1228, 1231 (Fla. 2d DCA 2005); Sampson v. State, 751 So.2d 602 (Fla. 2d DCA 1998). However, an evidentiary hearing is not required when it is obvious from the record that counsel's decision was strategic. See State v. Williams, 797 So.2d 1235, 1239 (Fla.2001); see also McNeal v. Wainwright, 722 F.2d 674, 676 (11th Cir.1984).
Here, Mr. Jackson claims that certain identifiable expert medical witnesses were not subpoenaed for trial, although each had been deposed previously, and that the introduction of the medical testimony would have contributed to a verdict of not guilty. The postconviction court did find that two physicians had been deposed prior to trial. However, it concluded that a decision to offer or forgo such medical testimony at trial was a strategic decision by defense counsel. See Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000).
On the face of this record we cannot conclude that the trial counsel's decision was strategic. Nor can we conclude that the decision not to call the physicians to testify at trial was obviously strategic. Further, there are no record attachments that clearly refute Mr. Jackson's claim of ineffective assistance of counsel.
Accordingly, we reverse and remand for the postconviction court to hold an evidentiary hearing on this claim or to attach those portions of the record which conclusively refute Mr. Jackson's claim that trial counsel was ineffective for failing to introduce the medical evidence or expert testimony that was readily available. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
WHATLEY and DAVIS, JJ., Concur.