979 So.2d 420 (2008)
Howard HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2776.
District Court of Appeal of Florida, Second District.
April 23, 2008.
DAVIS, Judge.
Howard Hamilton appeals the postconviction court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Hamilton raised nineteen claims of ineffective assistance of counsel, we find no merit in sixteen of those claims, which we affirm without discussion. We reverse the summary denial of the three remaining claims and remand to the postconviction court for reconsideration of those claims.
*421 Hamilton was found guilty by a jury of first-degree murder, and the trial court sentenced him to life in prison. This court issued a per curiam affirmance of Hamilton's judgment and sentence. Hamilton v. State, 907 So.2d 526 (Fla. 2d DCA 2005) (table decision).
In order for a defendant to prevail on a claim of ineffective assistance of counsel, he must show not only that his counsel's performance was deficient but also that the deficient performance prejudiced him to such an extent as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In his motion, Hamilton claimed that his trial counsel's performance was deficient in that he failed to challenge the State's introduction of evidence of other crimes or bad acts. Specifically, the State presented evidence that Hamilton had attempted to rob someone just a few hours before the murder. The postconviction court found that counsel's failure to object did not constitute deficient performance because the evidence of the prior attempted robbery had been properly introduced to establish motive and identity pursuant to Schwab v. State, 636 So.2d 3, 7 (Fla.1994), which states:
Similar fact evidence that reveals other crimes is relevant and admissible if it casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality and should be admitted if relevant for any purpose save that of showing bad character or propensity.
(Citations and internal quotation marks omitted.)
In support, the court attached the State's Notice of Intent to Introduce Similar Crime Evidence, in which the State alleged that the evidence was being offered to prove motive and identity, along with that portion of the transcript that contained defense counsel's closing argument in which he emphasized the trial court's instruction to the jury that the evidence related to the robbery was only to be considered to establish motive. However, these attachments do not conclusively refute Hamilton's claim. The State's Notice of Intent only established the State's proffered reason for introducing the evidence. Neither the State's notice nor defense counsel's closing argument serves as conclusive proof that the evidence was proper motive evidence. Based on the record before us, we cannot say that had counsel properly challenged the State's assertion that the evidence went to prove motive, the trial court would not have excluded the evidence. Furthermore, in view of the circumstantial nature of the case against Hamilton, there is a reasonable probability that the outcome of the trial would have been different had the evidence been excluded. Because the documents that the court attached to support its denial of Hamilton's claim did not conclusively refute that claim, we must remand this claim to the postconviction court for an evidentiary hearing or for the attachment of appropriate documents that do refute the claim.
Hamilton also claimed in his rule 3.850 motion that his counsel improperly advised him to sign a waiver of speedy trial. According to Hamilton, he had asked his counsel to file a demand for speedy trial because the State did not have its witnesses together and because the State's entire case against him was based on circumstantial evidence. Hamilton asserted that his counsel refused, stating, "There is no way I'll be rushed and file a demand for speedy trial on a first-degree murder charge." Hamilton also claimed *422 that his counsel threatened to withdraw if Hamilton insisted on the demand for speedy trial. Moreover, Hamilton stated that it was this threat that led him to sign the waiver of speedy trial.
The postconviction court denied Hamilton's claim, stating that "counsel had a duty to prepare for trial and it is reasonable to waive speedy trial in order to do so." In so ruling, the postconviction court essentially made a factual finding that under the circumstances of this case counsel's refusal to demand speedy trial was a reasonable trial strategy.
Although "`[to] conclude that an action or inaction taken by a trial attorney was a strategic decision generally requires an evidentiary hearing,'" Hamilton v. State, 915 So.2d 1228, 1231 (Fla. 2d DCA 2005) (quoting Sampson v. State, 751 So.2d 602, 602 (Fla. 2d DCA 1998)), "an evidentiary hearing is not required when it is obvious from the record that counsel's decision was strategic," Jackson v. State, 975 So.2d 485, 486 (Fla. 2d DCA 2007). It must be noted, however, that "[w]here an evidentiary hearing has not been held, a movant's allegations in a motion for postconviction relief must be accepted as true except to the extent that the allegations are conclusively rebutted by the record." Murphy v. State, 638 So.2d 975, 976 (Fla. 1st DCA 1994) (citing Harich v. State, 484 So.2d 1239 (Fla.1986)).
Here, in his postconviction motion, Hamilton alleged the following:
[T]he State had extra time to secure, depose, and coach new witnesses for the prosecution. In a circumstantial evidence case such as this one, the State's extra time allowed them to add cumulative witnesses to compound the circumstantial evidence. If the State had to bring the case to trial at the time defendant requested counsel to file the demand [for speedy trial], the State would not have been prepared to present their case properly. . . . All of the State's witnesses were not ready for trial, some of them weren't even deposed or interviewed as of that date.
In summarily denying this claim, the postconviction court merely concluded that counsel's actions were reasonable; however, the court included no record attachments to support this conclusion. Accordingly, we conclude that the postconviction court erred in finding counsel's actions were based on a reasonable strategy without either conducting an evidentiary hearing or providing attachments conclusively refuting Hamilton's claim. We remand for the trial court to provide such attachments or, if such documents are not available, to hold an evidentiary hearing where relevant facts may be developed that would aid the postconviction court in determining "whether counsel's decisions were the product of strategy or ineptitude." Jackson, 975 So.2d at 486 (citing Hamilton v. State, 860 So.2d 1028, 1031 (Fla. 5th DCA 2003)).
Finally, Hamilton also claimed that his trial counsel failed to make an adequate argument when he moved for a judgment of acquittal. In requesting a judgment of acquittal at trial, counsel merely stated, "We would like at this time to move for judgment of acquittal and I present no argument on that." The postconviction court denied Hamilton's claim on the ground that this issue had been raised on direct appeal and was therefore waived. Although Hamilton did argue on direct appeal that the trial court erred in denying his motion for a judgment of acquittal, it cannot be determined from this court's per curiam affirmance whether this court addressed Hamilton's claim on the merits or simply affirmed it as unpreserved based on trial counsel's lack of specificity in arguing the motion. See Sapio v. State, 643 So.2d 68, 69 (Fla. 5th *423 DCA 1994) ("It is difficult, of course, to state with certainty the reasoning behind a per curiam opinion."). Moreover, "`unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion.'" Acosta v. State, 884 So.2d 278, 279 (Fla. 2d DCA 2004) (quoting Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002)). Because the postconviction court's determination on this issue did not conclusively refute Hamilton's claim, we remand to the postconviction court for reconsideration of Hamilton's claim that his counsel's motion for judgment of acquittal was inadequate.
In conclusion, we remand these three claims to the postconviction court. Upon remand, if the postconviction court should again summarily deny any of these claims, it must attach record support conclusively refuting Hamilton's allegations. Otherwise, the court must hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
FULMER and WALLACE, JJ., Concur.