CRENSHAW, Judge.
 

 Bernard A. Storey appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of all but one of his claims. Because Storey’s claim that his violation of probation admission was involuntary due to his mental illness is not conclusively refuted by the record, we remand for an evidentiary hearing.
 

 In 2005, Storey was charged with aggravated assault arising from a domestic altercation with his wife. Storey pleaded guilty and was placed on eighteen months’ probation. In 2007, an affidavit was filed alleging Storey had violated a condition of his probation. Storey entered an admission to the violation of probation and was sentenced to one year and one day in prison.
 
 [1]
 

 In ground one of his motion for postconviction relief, Storey alleged that his violation of probation admission was involuntary due to his mental illness. Relying on Storey’s affirmative responses at the plea colloquy, the postconviction court summarily denied this claim and determined Storey was not suffering from any mental or emotional problems which affected his understanding of the plea.
 

 To uphold the trial court’s summary denial of claims raised in a rule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.
 
 See
 
 Fla. R.Crim. P. 3.850(d). “[W]here no evidentiary hearing is held below, we must accept the defendant’s factual allegations to the extent they are not refuted by the record.”
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999). Here, in support of his motion for postconviction relief, Storey alleged he suffers from mental health issues. He stated that he has been to seven mental hospitals and has bipolar disorder and schizophrenia. Sto-
 
 *107
 
 rey suffered mental breakdowns in 2002 and 2004 resulting in hospitalization and had a mental breakdown at Tampa International Airport eleven days before his violation of probation admission, causing a portion of the airport to close. Storey also alleged that he is prescribed six different psychotropic drugs, and at the time of the plea colloquy he had not received these medications for weeks. Storey argued that without these medications he was unable to understand the consequences of his pleas and would not have entered his pleas had he understood the nature and consequences of doing so.
 

 Because the plea form and transcript of the plea colloquy do not adequately refute Storey’s claim so as to warrant a summary denial of his motion, we reverse and remand to the postconviction court for an evidentiary hearing on Storey’s claim that his violation of probation admission was involuntary due to his mental illness.
 
 See Forster v. State,
 
 779 So.2d 550, 550 (Fla. 2d DCA 2001) (finding a hearing on the merits was required where petitioner claimed his plea was involuntary because he was not administered medication for bipolar disorder);
 
 Irving v. State,
 
 741 So.2d 519, 519 (Fla. 2d DCA 1999) (noting “that mere affirmative responses by [the defendant] during the plea colloquy may not be sufficient to conclusively l’efute his claim of incompetence”).
 

 Affirmed in part, reversed in part, and remanded.
 

 LaROSE and KHOUZAM, JJ., concur.
 

 [1]
 

 . Storey was thereafter advised that his conviction and sentence rendered him subject to removal in immigration proceedings. Storey is a citizen of Trinidad and Tobago and a lawful permanent resident of the United States.