KELLY, Judge.
Krystal Rose Allen appeals the summary denial of her motion for posteonviction relief filed under Florida Rule of Criminal Procedure 3.850. Allen was sentenced to ten years’ prison followed by fifteen years’ probation after a jury convicted her of aggravated child abuse with great bodily harm. This court per curiam affirmed her conviction and sentence on appeal. Allen v. State, 27 So.3d 30 (Fla. 2d DCA 2010) (table decision).
In her motion, Allen argues that trial counsel was ineffective for failing to move for a judgment of acquittal on the ground that the State’s evidence was insufficient to support the jury’s verdict. Our records indicate that on appeal, Allen raised this exact argument and also challenged the sufficiency of the State’s evidence at trial. The posteonviction court denied the motion on the ground that Allen may not raise claims in a posteonviction motion that could have been or were raised on direct appeal. However, “unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an af-firmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a posteonviction motion.” Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002); see also Hamilton v. State, 979 So.2d 420, 422-23 (Fla. 2d DCA 2008). Accordingly, we conclude that the trial court improperly denied Allen’s posteon-viction motion on the ground that the ineffective assistance of counsel issue was raised on direct appeal.
Because the posteonviction court’s determination on this issue did not conclusively refute Allen’s claim, we remand to the posteonviction court for reconsideration of Allen’s motion on the merits. If the post-conviction court should again summarily *749 deny this claim, it must attach portions of the record conclusively refuting Allen’s allegations.
Reversed and remanded.
DAVIS and VTLLANTI, JJ., Concur.