KELLY, Judge.
Bernard A. Storey appeals from the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief following an evidentiary hearing. In his motion, Storey sought to withdraw his plea of guilty to violation of probation alleging that he was incompetent when he entered the plea. The trial court originally summarily denied the motion, but we held on appeal that Storey’s motion alleged a claim of incompetency sufficient to require an evidentiary hearing to determine whether his admission to violating his probation was voluntary. Storey v. State, 32 So.3d 105, 107 (Fla. 2d DCA 2009).
At the hearing on remand, Storey presented evidence to indicate he was not mentally competent at the time he entered his plea. A police officer who encountered Storey approximately two weeks prior to the plea hearing characterized Storey as disoriented and “[mentally] [v]ery out of it.” Although the officer had no basis to involuntarily commit Storey, he was so concerned with Storey’s behavior that he took him to a mental health facility. However, despite Storey’s willingness to go to the facility, he did not remain there and was later observed acting inappropriately at Tampa International Airport.
The defense’s mental health expert, Dr. McClain, concluded to a reasonable degree of psychological certainty that Storey was mentally incompetent on the day he entered his plea. Although she did not examine Storey at the time of the plea, she had the benefit of the transcript of the plea colloquy, Storey’s extensive mental health records, police reports including the incident at the Tampa airport, and Sto-rey’s jail and medical files. Based upon all this information, she diagnosed Storey as suffering from posttraumatic stress disorder, bipolar disorder, and alcohol dependence. Dr. McClain acknowledged that Storey has experienced periods of competency in structured settings. However, in her opinion, Storey’s brief period of incarceration prior to the plea hearing was insufficient to stabilize him as reflected by his continued bizarre behavior after the plea and his subsequent commitment to a crisis stabilization unit. The State offered no evidence to refute Dr. McClain’s testimony. The only testimony it presented was that of the attorney who represented Storey at the plea hearing. She stated that she had no knowledge of Storey’s bizarre behavior before the plea hearing and that had she been aware of it she would not have continued with the proceedings.
The postconviction court denied Storey’s motion finding the evidence insufficient to show that Storey’s plea was involuntary. We disagree. Nothing in the record before the trial court contradicts Dr. McClain’s testimony that Storey’s mental state at the time he entered his plea made him incapable of entering a knowing and voluntary plea. While a trial court is entitled to reject unrebutted expert testimony, it must offer a reasonable explanation for doing so, such as impeachment of the witness or conflict with other evidence. Coday v. State, 946 So.2d 988, 1005 (Fla.2006). In rejecting Dr. McClain’s testimony that Storey was not competent, the trial court explained that while Storey had a long history of mental illness, he had often been diagnosed as competent despite the fact that he was unmedicated for long periods prior to the evaluation:
Dr. McClain attributed this to a structured setting including regulated sleep and food, and the fact that the Defen *450 dant was receiving his blood sugar medications. The Court observes that at the time the Defendant entered his March 28, 2007 plea, he had been in the Pinel-las County Jail for ten days during which time he had no access to alcohol and his wake-up time and meals were regulated.
The weight of the evidence is not sufficient to show that the Defendant’s pleas were involuntary. It remains un-rejut-ed that under similar circumstances, not on medication or alcohol, and in a stable environment, the Defendant has been found competent.
(Emphasis supplied.) The trial court’s finding that Storey had been found competent under “similar circumstances” is not supported by the record and thus cannot support the trial court’s rejection of Dr. McClain’s opinion. The record shows that Storey had only been in a “controlled environment” for ten days before he entered his plea in this case, a significantly shorter period of time than the prior instances to which the trial court referred. In light of Storey’s extensive history of mental illness, his odd behavior immediately preceding and subsequent to the plea hearing, his inappropriate answers to questions during the plea colloquy, and the lack of any other evidence to indicate he understood the consequences of his plea, we cannot conclude that the trial court’s rejection of Dr. McClain’s testimony was reasonable. We therefore reverse the order denying Sto-rey’s motion and remand for entry of an order granting the motion and permitting him to withdraw his plea.[1]
Reversed and remanded.
KHOUZAM and BLACK, JJ„ Concur.

. By way of background, Storey’s case was argued in January 2012. Shortly before this court was going to issue this opinion, the State moved to dismiss Storey's appeal arguing that Storey had been deported in February 2012. In his two-page response to the motion, Storey argued that his appeal was not moot because "according to immigration law [Storey] can reopen his immigration case if an appellate court sets aside his violation of probation sentence as it was the cause of his removal from the United States." This assertion is not borne out by the immigration attorney's testimony Storey attached to his response. The attorney’s testimony shows that he mistakenly believed that Storey’s conviction and sentence upon revocation of his probation was dependent on his conviction for the underlying misdemeanor that gave rise to the violation. Because the county court set aside Storey’s guilty plea to that misdemeanor and the State later dismissed the charge. Sto-rey asserts that his conviction and sentence must necessarily fail, and after that he can try to reopen his deportation case. This does not take into account the reality that Storey can be found in violation of probation regardless of whether he was convicted of the underlying misdemeanor. Immigration counsel was not aware of this nor did he know that the misdemeanor conviction did not even occur until after Storey had already been found guilty of violating his probation and sentenced.
Storey also argued that the appeal was not moot because it "has collateral legal consequences for [him], including a potential for reversal of his deportation order.” He did not say what those consequences were other than the "potential” reversal of the immigration order. He did cite a case indicating that a felony conviction can prevent readmission to the United States; however, Storey had already been convicted of a felony and was serving probation for that felony, something the withdrawal of his plea to the violation of that probation would not alter. In light of Storey’s response, this court determined that it was entirely speculative that its opinion would afford any meaningful relief to Storey. While this opinion will permit him to withdraw his plea, it will not prevent him from being convicted and sentenced based on his violation of probation, nor will it erase his *451 earlier felony conviction. Additionally, in the past when the State has moved to dismiss based on deportation, this court has granted those motions without opposition. In response to our dismissal in this case, Storey successfully sought a writ of mandamus in the supreme court. Storey v. State, 133 So.3d 528 (Fla.2014). That court has ordered us to decide Storey’s case on the merits, apparently concluding that it is not moot.