PER CURIAM.
This is an appeal of the trial court’s summary denial of defendant-appellant Bennett’s rule 3.850 motion. Finding that the record does not show conclusively that the appellant is entitled to no relief, the order is reversed and the cause remanded for an evidentiary hearing. See Fla. R.App.P. 9.140G).
Our reversal is limited to points I and VII of the defendant’s motion. On point I, defendant contends that trial counsel was ineffective for failing to call two specifically named witnesses to testify at trial. The motion sets forth with particularity what the witnesses would have testified to, and the proposed testimony would have provided (so far as appears on the record before us) material independent *1131 support to defendant’s defense of misiden-tification.
On point VII, defendant contends that the Department of Corrections has failed to award him 243 days credit for jail time served on count I of circuit court case number 96-17149, even though the sentencing order awards such credit. Defendant has supported this claim with a memorandum from the Department of Corrections which confirms that it has granted zero jail time credit on count I (his longer sentence), while awarding 243 days jail time credit on count II (the shorter sentence). Since the defendant’s incarceration time is governed by the longer sentence, the practical effect is to deny jail time credit entirely on circuit court case number 96-17149.[1] Plainly the record does not refute the defendant’s claim— indeed, the record confirms it.
The summary denial of relief is correct with regard to the remaining claims. The trial court’s order is thus reversed and the cause remanded for further proceedings on points I and VII.

. From the attachments to the motion it appears that the defendant has exhausted his administrative remedies within the Department of Corrections. If it should turn out that administrative remedies have not been exhausted, then the claim can be denied without prejudice while the defendant exhausts those remedies.