900 So.2d 596 (2004)
James C. BULLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1873.
District Court of Appeal of Florida, Second District.
December 10, 2004.
Rehearing Denied May 5, 2005.
*597 PER CURIAM.
James C. Bulley challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to his first claim, and we affirm without comment as to his remaining two claims.
On April 16, 1998, Bulley was convicted of burglary of a dwelling, kidnaping, and sexual battery. He was sentenced as a habitual felony offender to fifty years in prison for the kidnaping and sexual battery and to thirty years in prison for the burglary. This court affirmed his convictions and sentences. See Bulley v. State, 780 So.2d 67 (Fla. 2d DCA 2000) (table decision).
Bulley now contends that his trial counsel was ineffective in failing to adequately investigate, prepare, and call crucial defense witnesses at trial. He believes that a proper investigation would have impeached the reputations for truth and veracity of several of the witnesses. In his motion, Bulley identified the witnesses, provided what their testimony would have been, stated that they were available to testify, and alleged that he was prejudiced by their absence at trial. This constitutes a facially sufficient claim under Nelson v. State, 875 So.2d 579 (Fla.2004). Nevertheless, the trial court denied relief because "as admitted by the Defendant, his attorney clearly considered calling these witnesses and decided it would not be a good strategy." The trial court determined that counsel's failure to call the witness was a tactical decision and stated that it would not "second-guess tactical decisions made by trial counsel." It declined an evidentiary hearing and did not provide for appellate review the portions of the record that could refute Bulley's claim.
The failure to call witnesses can constitute ineffective assistance of counsel if the witnesses may have been able to cast doubt on the defendant's guilt. See Sorgman v. State, 549 So.2d 686, 687 (Fla. 1st DCA 1989). If a defendant's motion for postconviction relief presents a facially sufficient claim for ineffective assistance of counsel for failure to call witnesses, a defendant is entitled to an evidentiary hearing unless the record conclusively refutes his claim. See Ford v. State, 825 So.2d 358 (Fla.2002). Here, Bulley alleged a facially sufficient claim, and the trial court failed to attach to its order any portion of the record that refuted Bulley's claim. A determination that the failure of counsel to call witnesses was a tactical decision is generally inappropriate without an evidentiary hearing. Green v. State, 827 So.2d 1060, 1061 (Fla. 2d DCA 2002).
We therefore reverse the summary denial of this claim and remand for the trial court to either conduct an evidentiary hearing or provide record attachments that conclusively refute Bulley's claim.
Affirmed in part, reversed in part, and remanded.
SALCINES, CANADY, and VILLANTI, JJ., Concur.