WELLS, J.
Defendant Hector Torres appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
Torres was convicted of aggravated assault with a firearm and possession of marijuana. The testimony was that Torres, Travis Allen and Juan Carlos Campo were all at Allen’s apartment following a day of playing paintball. According to Campo’s affidavit, Torres was cleaning the paintball equipment in the living room of the apartment when someone named Castenada came to buy marijuana from Allen. The sale, in which neither Torres nor Campo participated, took place in the kitchen. When Castenada exited, the police burst in and when, according to the officers, Torres pointed the “gun” at them, they shot him hitting him in the armpit.[1]
Torres maintains that he did not point a weapon at the officers and that his hands were raised over his head in surrender when he was shot. Torres’ motion for post-conviction relief alleges that his trial counsel was ineffective for failing to investigate and to call at trial an emergency room physician who would have testified that medical evidence demonstrated that Torres had his hands over his head when he was shot. He also claims that counsel was ineffective for failing to call Campo at the motion to suppress hearing and at trial to testify that Torres was shot without provocation while holding a paintball gun. The trial court denied Torres’ claim regarding the medical witness because Torres had not provided an affidavit from this witness and denied the rest of Torres’ claims without a hearing. We reverse.
There is no requirement that a rule 3.850 motion be supported by affidavits. “Under rule 3.850, a movant is entitled to an evidentiary hearing unless the motion and record conclusively show that the movant is entitled to no relief. Thus we must treat the allegations as true except to the extent they are rebutted conclusively by the record.” Valle v. State, 705 So.2d 1331, 1333 (Fla.1997) (citation omitted); see also Bennett v. State, 732 So.2d 1130, 1130-31 (Fla. 3d DCA 1999) (ordering evidentiary hearing on motion *890 that set “forth with particularity what the witnesses would have testified to” where the “proposed testimony would have provided ... material independent support to defendant’s defense”). Torres claims that although he told his attorney about Dr. Steven Cohn, a physician at Ryder Trauma Center, who was willing to testify that it was impossible for Torres to sustain the wound he received to his armpit while pointing a weapon, his attorney failed to investigate this witness or to call him at trial. This claim is unrebutted on the record and, if true, constitutes powerful evidence in Torres’ favor entitling him to an evidentiary hearing.
He was also entitled to an eviden-tiary hearing on his claim that counsel was ineffective for failing to call Campo. Torres maintains that although he told his attorney about Campo, who testified at his bond hearing, and advised him that Cam-po would testify that Torres was merely holding a paintball gun, hot pointing a handgun, and was shot without provocation because the paintball gun resembled a regular weapon, his attorney failed to investigate and call Campo as a witness at the suppression hearing and at trial. This claim also supports Torres’ version of the events and was not conclusively refuted by the record. While the failure to call Cam-po might have been a tactical decision, it cannot be deemed as such on this record. See State v. Duncan, 894 So.2d 817, 825-26 (Fla.2004); Valle v. State, 778 So.2d 960, 965 (Fla.2001); Bulley v. State, 900 So.2d 596, 597 (Fla. 2d DCA 2004).
Accordingly, the order denying Torres’ rule 3.850 motion is reversed and this matter is remanded to the trial court for an evidentiary hearing on Torres ineffective assistance of counsel claims. See Jacobs v. State, 880 So.2d 548, 551 (Fla.2004) (confirming that if “the motion [for post-conviction relief] is facially sufficient, [and] ... the claim is not conclusively refuted by the record ... [or] not otherwise procedurally barred, the trial court should hold an eyi-dentiary hearing to resolve the claim”).

. The testimony was that Torres also had a handgun which was next to him on the couch while he was cleaning the paintball gun.