933 So.2d 1226 (2006)
Reginald McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0820.
District Court of Appeal of Florida, First District.
July 18, 2006.
Reginald McCray, pro se, Appellant.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of an order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal *1227 Procedure 3.850. Appellant was convicted following a jury trial of burglary of a dwelling with persons assaulted and aggravated battery with great bodily harm. He filed the present motion alleging, among other claims, that the prosecution knowingly used perjured testimony at trial and that his counsel was ineffective for failing to investigate and call a defense witness. Notwithstanding the state's acknowledgment below that an evidentiary hearing was required as to these claims, the trial court summarily denied them.
Because a prosecutorial misconduct claim may and should be raised on direct appeal, it is not a cognizable claim for purposes of rule 3.850. Spencer v. State, 842 So.2d 52, 60 (Fla.2003). However, postconviction motions must be liberally construed. See Gust v. State, 558 So.2d 450 (Fla. 1st DCA 1990). While appellant framed the issue as one of prosecutorial misconduct, it is clear that his real claim is one of newly discovered evidence, an issue properly raised in a rule 3.850 motion. Padron v. State, 769 So.2d 432 (Fla. 2d DCA 2000). Appellant's claim is based on an affidavit of the victim retracting his trial testimony. Because the recantation is not inherently incredible as a matter of law and is material to appellant's verdict, an evidentiary hearing is required to determine whether it in fact constitutes newly discovered evidence. See Stephens v. State, 829 So.2d 945 (Fla. 1st DCA 2002). Therefore, we reverse and remand this claim for an evidentiary hearing.
Appellant also stated a facially sufficient claim of ineffective assistance of counsel for failing to investigate and call a witness by alleging the identity of the potential witness, the substance of the witness's testimony, an explanation of how the omission of this testimony prejudiced the outcome of the case, and a representation that the witness was available for trial. See Nelson v. State, 875 So.2d 579 (Fla. 2004). The trial court appears to have concluded that appellant's counsel made a tactical decision not to call the witness. Where a trial court summarily denies such a claim, it must attach portions of the record which conclusively refute the movant's allegations. Jackson v. State, 789 So.2d 1218, 1220 (Fla. 1st DCA 2001). In this case, the trial court based its conclusion on a statement by appellant's counsel that the witness in question would not be testifying. However, this statement, alone, does not conclusively show that the decision was tactical because the record does not include counsel's reasons for not calling the witness. Accordingly, we conclude that the record does not conclusively refute appellant's claim and, therefore, reverse and remand for an evidentiary hearing on this issue as well.
We affirm the summary denial of the remaining issues raised by appellant's motion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN, WEBSTER, and HAWKES, JJ., concur.