954 So.2d 714 (2007)
Vincent LEFTWICH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4300.
District Court of Appeal of Florida, First District.
April 23, 2007.
Vincent Leftwich, pro se, Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he challenges his convictions for burglary of a dwelling and dealing in stolen property. We affirm the denial of all but one of the appellant's claims. Because the appellant's first claim is facially sufficient, we reverse as to that claim.
In his first ground for relief, the appellant alleges ineffective assistance of counsel for failure to call a potential witness. In order to state a facially sufficient claim on this ground, the movant must allege the identity of the potential witness, the substance of the witness's testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial. McCray v. State, 933 So.2d 1226, 1227 (Fla. 1st DCA 2006); see Nelson v. State, 875 So.2d 579, 583-84 (Fla.2004). The appellant's motion complies *715 with these requirements. The appellant states the name of the witness and his potential testimony, which allegedly would have been that the witness was the actual perpetrator. The appellant also contends that the witness was in the appellant's company at the time of the alleged offense. The appellant explains that the witness may have been able to cast doubt on the appellant's guilt and that the witness's testimony would have weighed on the question of whether the state's eyewitnesses were reliable. In addition, the appellant alleges that he advised counsel to call the witness and that the witness was present and an anticipated witness at trial. The appellant has stated a facially sufficient claim for relief.
Accordingly, we reverse the summary denial of this claim and remand for either an evidentiary hearing or the attachment of portions of the record that conclusively refute this claim.
AFFIRMED in part, REVERSED in part, and REMANDED.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.