993 So.2d 1117 (2008)
Bryan SPELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2043.
District Court of Appeal of Florida, Fifth District.
October 10, 2008.
Bryan Spellers, Bristol, pro se.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant *1118 Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Spellers appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We conclude that Spellers stated a facially sufficient claim of ineffective assistance of counsel and, accordingly, reverse.
Spellers was convicted, after a jury trial, of aggravated battery with a firearm upon his stepfather. His primary defense was that he was defending his mother from his stepfather's physical abuse. Spellers and his stepfather provided the jury with significantly different versions of the events in question. The stepfather testified that he was arguing with Spellers when his wife stepped in between the two. He pushed her away and then was shot by Spellers. However, according to Spellers, his stepfather began to punch his mother in the face after she intervened to prevent a fight between Spellers and his stepfather. Spellers further testified that his stepfather was extremely intoxicated and that he ignored Spellers' demand to stop hitting his wife. Spellers claimed that he shot his stepfather because he believed that his mother's life was in jeopardy.
Spellers' mother did not testify at trial. In his motion for post-conviction relief, Spellers alleges that his trial counsel should have called his mother as a witness and that she had been available to testify. Attached to his motion was a notarized statement from his mother. In her statement, Spellers' mother asserted that immediately prior to the shooting, her husband had repeatedly hit her, and that Spellers had demanded that he stop. She further claimed that she was "fearful for [her] life" and believed that she was "going to die from all the physical abuse [she] had endured." She also stated that her husband was much bigger and stronger than her son. The trial court found that Spellers had not been deprived of his opportunity to present his theory of defense to the jury, observing that "[t]he defendant himself testified and provided the required testimony for collaboration of a self-defense theory and the appropriate instruction was presented to the jury."
The failure to call a witness can constitute ineffective assistance of counsel if the witness may have been able to cast doubt on the defendant's guilt. Ford v. State, 825 So.2d 358, 360-361 (Fla.2002); see also Bulley v. State, 900 So.2d 596, 597 (Fla. 2d DCA 2004). If a motion presents a facially sufficient claim of ineffective assistance of counsel for failure to call a witness, the movant is entitled to an evidentiary hearing unless the motion is conclusively refuted by the record or is otherwise procedurally barred. Jacobs v. State, 880 So.2d 548, 550-551 (Fla.2004). To set forth a facially sufficient claim, the movant must allege the identity of the potential witness, the substance of the witness' testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial. Leftwich v. State, 954 So.2d 714 (Fla. 1st DCA 2007).
Here, Spellers' motion alleged all of these elements. The fact that the jury was instructed to consider Spellers' claim of self-defense does not necessarily mean that Spellers was not prejudiced by his attorney's failure to present Spellers' mother's testimony. The State was required to prove beyond a reasonable doubt that Spellers was not justified in using deadly force to protect his mother. Spellers' credibility with the jury was central to his defense. If accepted as true, his mother's testimony could have increased Spellers' credibility with the jury. See, e.g., Balmori v. State, 985 So.2d 646, 650 *1119 (Fla. 2d DCA 2008) (testimony not necessarily cumulative if it incrementally increases defendant's credibility).
We further conclude that a determination of whether counsel's failure to call Spellers' mother as a witness was a tactical decision can only be made after an evidentiary hearing. See, e.g., Ford, 825 So.2d at 358; Greenway v. State, 823 So.2d 206 (Fla. 1st DCA 2002).
REVERSED and REMANDED for an Evidentiary Hearing.
SAWAYA and ORFINGER, JJ., concur.