WALLACE, Judge.
 

 Lucas Goodwin appeals the order that summarily denied his motion for postcon-vietion relief under Florida Rule of Criminal Procedure 3.850. We reverse the post-conviction court’s order as to the denial of claims two and seven of Mr. Goodwin’s motion. We affirm without comment the postconviction court’s denial of all other claims for relief.
 

 On March 16, 2005, Mr. Goodwin was found guilty of burglary of a dwelling and grand theft. He was sentenced as a habitual felony offender to concurrent terms of twenty years in prison for the burglary and ten years for the grand theft.
 

 In the first part of claim two, Mr. Goodwin alleged that his trial counsel rendered ineffective assistance at a hearing on a motion to suppress a pretrial confession and at the trial on the charges. In the portion of claim two addressing the motion to suppress, Mr. Goodwin alleged that his trial counsel was ineffective for failing to research the effects of heroin withdrawal on an addict. This allegation is concluso-ry, and we need not address it further.
 

 As part of this portion of his second claim, Mr. Goodwin also asserted that his trial counsel failed to present the testimony of medical experts who had been subpoenaed and were waiting to testify. The postconviction court denied this part of claim two as facially insufficient, citing
 
 Leftwich v. State,
 
 954 So.2d 714, 714 (Fla. 1st DCA 2007) (holding that in order to
 
 *30
 
 state a claim for ineffective assistance of counsel based on the failure to call a witness to testify, the claimant must allege (1) the identity of the potential witness, (2) that the witness was available to testify at trial, (3) the substance of the witness’s testimony, and (4) an explanation of how the omission of the testimony prejudiced the case).
 

 Mr. Goodwin alleged that the potential witnesses were medical experts from the jail where he had been incarcerated. Although Mr. Goodwin asserted that the medical experts were waiting at court to testify at the hearing on the motion to suppress, he failed to explain the substance of their testimony or how its absence prejudiced his case. Thus the postconviction court correctly found that this portion of claim number two was facially insufficient. However, the postcon-viction court erred in denying the claim instead of dismissing it and allowing Mr. Goodwin a reasonable amount of time within which to amend his claim.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007).
 

 In the second part of claim two, Mr. Goodwin alleged that his trial counsel was ineffective at trial for failing to interpose an appropriate objection to the introduction into evidence of firearms that the State claimed had been stolen during the burglary for which Mr, Goodwin was found guilty. According to Mr. Goodwin, the owner of the residence that had been burglarized never identified the firearms as his property. Mr. Goodwin also claimed that the serial numbers on the firearms introduced into evidence were not compared to the serial numbers on the weapons that the State alleged were stolen from the residence. Mr. Goodwin concluded that there was a reasonable likelihood that he would have been acquitted if his trial counsel had made the appropriate objections to the State’s evidence.
 

 The postconviction court offered three reasons for denying the second part of Mr. Goodwin’s second claim. First, Mr. Goodwin was not prejudiced by trial counsel’s alleged omissions “because the judge determined that regardless of whether there had been a grand theft or petit theft (relating to the value of items stolen from [the victim]), the court would have sentenced [Mr. Goodwin] to the same sentence.” Second, “the jury determined that [Mr. Goodwin] did not actually possess a firearm during the burglary.” Third, Mr. Goodwin’s trial counsel actually did object to the introduction of the firearms into evidence.
 

 The first two reasons offered by the postconviction court do not address the substance of Mr. Goodwin’s claim. Mr. Goodwin’s contentions do not relate to the degree of the crime or the sentences imposed after the verdict. Instead, Mr. Goodwin • claimed that but for trial counsel’s poor performance, he would have been acquitted. “When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The fact that the trial court would have imposed the same sentence does not indicate that the jury would not have had a reasonable doubt respecting guilt.
 

 Likewise, the postconviction court’s reliance on the jury’s finding that Mr. Goodwin did not actually possess a firearm is inapposite. Mr. Goodwin’s motion alleged that his conviction stems from a burglary where he acted as a lookout and his accomplice stole some jewelry and firearms. Although the jury found that Mr. Goodwin
 
 *31
 
 did not actually possess a firearm during the commission of the crime, this finding does not necessarily mean that the jury concluded that the accomplice did not steal the firearms. Thus the second reason offered by the postconviction court does not show that the jury would not have had a reasonable doubt respecting guilt.
 

 On the other hand, the third reason — -that trial counsel had in fact made the appropriate objections — properly addressed the substance of the claim by finding that it was refuted by the record. Indeed, the postconviction court cited to portions of the trial transcript in support of its finding. Unfortunately, the postcon-viction court failed to attach to its order the portions of the trial transcript on which it relied. Therefore, we must reverse the postconviction court’s summary denial of the second part of Mr. Goodwin’s second claim. On remand, if the postcon-viction court once again denies this claim without an evidentiary hearing, it must attach the pertinent portions of the trial transcript to its order.
 
 See
 
 Fla. R.Crim. P. 3.850(d).
 

 In claim seven of his motion, Mr. Goodwin claimed that his trial counsel failed to argue to the jury that Mr. Goodwin did not enter the home that was burglarized.
 
 [1]
 
 He claimed further that trial counsel failed to argue to the jury that Mr. Goodwin’s fingerprints were not found on the weapons, that the stolen property was not found in his possession, and that he only acted as a lookout. Mr. Goodwin alleged that but for counsel’s asserted omissions, there was a reasonable likelihood that he would have been acquitted.
 

 The postconviction court erroneously concluded that this claim should have been raised on direct appeal and was thus not cognizable in a rule 3.850 motion. Because claim seven is a claim of ineffective assistance of counsel, the postconviction court should have evaluated the claim on its merits.
 
 See Meeks v. State,
 
 382 So.2d 673, 675 (Fla.1980) (noting that a claim of ineffective assistance of counsel is appropriately raised in a rule 3.850 motion). Therefore, we reverse the summary denial of claim seven and remand for the postcon-viction court to reconsider the claim.
 

 In summary, we reverse the postconviction court’s order to the extent that it summarily denied claims two and seven of Mr. Goodwin’s motion, and we remand for further proceedings consistent with this opinion. In all other respects, we affirm the postconviction court’s order.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KELLY, JJ„ Concur.
 

 [1]
 

 . Mr. Goodwin erroneously labeled this claim as "Ground Six” in his motion. As the post-conviction court correctly noted in its order, this claim is the seventh claim asserted in the motion, not the sixth.