PER CURIAM.
 

 The Appellant, Dale Smith, timely seeks review of the trial court’s summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He raises nine issues in his petition, all of which were summarily denied by the trial court. We affirm the trial court’s summary denial of eight of these issues without comment; however, we reverse the denial of claim I.
 

 Smith pled guilty to lewd or lascivious molestation by a person 18 years or older (victim less than 12 years of age), a first-degree felony, in exchange for a five-year term of incarceration (followed by 10 years of sex offender probation) and the State’s agreement to drop three additional charges. Notably, the State alleged that the molestation offense occurred between February 28, 2004, and April 22, 2004.
 

 In claim I of his postconvietion motion, Smith argued that defense counsel was ineffective for failing to object to the lack of a factual basis to support the molestation charge. In particular, Smith argued that there was no evidence available indicating that he had committed any misconduct during the time period alleged. The trial court denied Smith’s claim, holding that his arguments were conclusively refuted by the record because both Smith’s mother and the victim made statements to law enforcement on April 22, 2004, contending that Smith had sexually molested the victim that day as well as the week before. The trial court failed, however, to attach any such statements to its denial order. Smith attached to his motion statements from both his mother and the vie-
 
 *1035
 
 tim, dated April 22, 2004. Although the statements appear to demonstrate that a confrontation between Smith and his mother occurred on that day, they do not conclusively demonstrate that Smith had sexually molested the victim that day or the prior week.
 

 Thus, because claim I was not refuted by the attachments to the trial court’s order, we reverse the summary denial of claim I and remand for further proceedings.
 
 See Miles v. State,
 
 964 So.2d 258 (Fla. 1st DCA 2007) (reversing and remanding summary denial of postconviction claim where record attachments did not conclusively refute claim). On remand, the trial court should either attach the portion of the record that conclusively refutes Smith’s claim or conduct an eviden-tiary hearing on the matter.
 
 See White v. State,
 
 19 So.3d 444, 445 (Fla. 5th DCA 2009);
 
 Styron v. State,
 
 693 So.2d 1144, 1144-45 (Fla. 1st DCA 1997). We affirm the order in all other respects.
 

 AFFIRMED in Part; REVERSED in Part; and REMANDED.
 

 EVANDER, COHEN and JACOBUS, JJ., concur.