IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN PATRICK LEONARDI,

      Appellant,

v.                                   Case No.  5D16-1596

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 26, 2016

3.850 Appeal from the Circuit Court
for Osceola County,
Jon B. Morgan, Judge.

Donna M. Goerner, Altamonte Springs,
for Appellant.

No Appearance for Appellee.

PER CURIAM.

      John Patrick Leonardi appeals the trial court's order summarily denying his motion for postconviction relief alleging ineffective assistance of counsel, filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm the denial of Leonardi's motion, except as to claim one.  As to this first claim, we conclude that it was facially insufficient and, therefore, reverse the summary denial to provide Leonardi an opportunity to correct the deficiency.

      In his first claim, Leonardi asserted that his trial counsel was ineffective for failing to call a witness, Gino Giardina, to testify at trial.  "The failure to call a witness can

constitute ineffective assistance of counsel if the witness might be able to cast doubt on the defendant's guilt." *Santos v. State*, 152 So. 3d 817, 819 (Fla. 5th DCA 2014) (citing *Gutierrez v. State*, 27 So. 3d 192, 194 (Fla. 5th DCA 2010)).  For a claim of ineffective assistance of counsel based on the failure to investigate and call a witness at trial, a defendant must allege and show the following:  (1) the identification of the witness; (2) the substance of the witness's testimony; and (3) a description of the prejudice suffered due to the lack of the testimony by the witness at trial.  *Tyler v. State*, 793 So. 2d 137, 141 (Fla. 2d DCA 2001) (citing *Odom v. State*, 770 So. 2d 195, 197 (Fla. 2d DCA 2000)).  Additionally, a facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call a witness must also include an assertion that the witness would, in fact, have been available to testify at trial.  *Nelson v. State*, 875 So. 2d 579, 584 (Fla. 2004).

In the instant case, Leonardi failed to allege in his postconviction motion that the witness, Giardina, would have been available to testify at trial.  A defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected.  *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008) (citing *Spera v. State*, 971 So. 2d 754 (Fla. 2007)); Fla. R. Crim. P. 3.850(f).  Because the pleading deficiency in claim one may be correctable, we reverse the summary denial and remand with directions that the trial court provide Leonardi sixty days to amend claim one of his motion, if, in good faith, he can do so.

AFFIRMED in part; REVERSED in part; and REMANDED.

ORFINGER, WALLIS, and LAMBERT, JJ., concur.