IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNNY L. JONES,

      Appellant,

 v.                                     Case No.  5D16-1377

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 25, 2017

3.850 Appeal from the Circuit Court
for Putnam County,
Patti A. Christensen, Judge.

Johnny L. Jones, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


WALLIS, J.

     Johnny L. Jones appeals pro se the denial of his motion for postconviction relief

alleging ineffective assistance of counsel. We reverse the summary denial of grounds

three and seven and remand with instructions. We affirm the denial of the remaining

grounds without discussion.

On November 20, 2012, a jury found Jones guilty of grand theft and burglary while armed with a firearm. The trial court sentenced Jones as a prison releasee reoffender to life in prison. Jones filed a pro se, twelve-ground motion for postconviction relief, alleging ineffective assistance of counsel. The postconviction court summarily denied all grounds except two and eleven, for which it set an evidentiary hearing.[1] Jones now challenges the court's summary denial of these grounds, which the State declines to address on appeal.

"The standard of review of a summary denial of a rule 3.850 motion is de novo." Lebron v. State, 100 So. 3d 132, 133 (Fla. 5th DCA 2012) (citing McLin v. State, 827 So. 2d 948, 954 (Fla. 2002)). "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So. 2d 253, 257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)). "Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record." McLin, 827 So. 2d at 954 (quoting Foster v. State, 810 So. 2d 910, 914 (Fla. 2002)).

In ground three, Jones argued his trial counsel provided ineffective assistance by failing to call Assistant State Attorney Chris Ferebee during a suppression hearing. A facially sufficient claim of ineffective assistance for failure to call a witness must allege: "the identity of the potential witness, the substance of the witness' testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial." Spellers v. State, 993 So. 2d 1117, 1118 (Fla. 5th DCA 2008) (citing Leftwich v. State, 954 So. 2d 714 (Fla. 1st DCA 2007)). Jones alleged that Ferebee would have testified that law enforcement

---

[1] Jones later withdrew ground eleven.

communicated to him that they also arrested Jones's mother, resulting in Jones's cooperation in exchange for the possibility of her immunity.

In its order denying ground three, the postconviction court noted that the trial court denied the motion to suppress without a hearing and attached the relevant motion and order. On appeal, Jones challenges the postconviction court's findings by asserting that a suppression hearing actually did occur, referring to it as the "hearing held on November 12, 2012," which coincides with his trial date. A review of the transcript in Jones's direct appeal demonstrates that the trial court heard the motion to suppress before proceeding to trial, considering argument from both sides.[2] The State presented two witnesses, and Jones testified on his own behalf. Thus, the postconviction court incorrectly stated that no hearing occurred.

The postconviction court further found that Ferebee's deposition, purportedly attached to the order, refuted Jones's claim of coercion. However, the record does not include the deposition as an attachment. Although the postconviction court described "Appendix D" as containing Ferebee's deposition, the appendix, perhaps mistakenly, contains only Jones's mother's deposition, not Ferebee's. Thus, because the order does not include record attachments conclusively refuting ground three, we reverse and remand for the postconviction court to "attach the correct records or address the claim on the merits." See Hunter v. State, 187 So. 3d 1265, 1265 (Fla. 5th DCA 2016) (citing Fla. R. Crim. P. 3.850(f)(4)).

---

[2] "This court can take judicial notice of its own records." Scheffer v. State, 893 So. 2d 698, 699 (Fla. 5th DCA 2005).

In ground seven, Jones argued his trial counsel provided ineffective assistance by failing to request an "independent act" jury instruction based on his allegation that "no guns were taken to burglarized home, he did not enter the home, and it had been agreed upon beforehand that no guns would be used or taken. Co-defendant acquired guns from inside of the home." "The 'independent act' doctrine applies 'when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, "which fall outside of, and are foreign to, the common design of the original collaboration."'" Roberts v. State, 4 So. 3d 1261, 1263 (Fla. 5th DCA 2009) (quoting Ray v. State, 755 So. 2d 604, 609 (Fla. 2000)). However, "an independent act instruction is inappropriate when the unrebutted evidence shows the defendant knowingly participated in the underlying criminal enterprise when the murder occurred or knew that firearms or deadly weapons would be used." Id. at 1264.

Although the information charged Jones with burglary with a firearm, the charging affidavit supports Jones's assertion that his cofelons acquired the weapons within the burglarized home. Jones asserted that he never entered the home, acting only as getaway driver to "straight burglary." Thus, the facts of this case suggest that Jones did not know "that firearms or deadly weapons would be used." See id. In its order, the postconviction court summarized Jones's version of events, found that trial counsel offered a persuasive hypothetical in support of his theory of the case, and then concluded, without elaboration, "Even if [Jones] did not go inside the house but stayed outside as the driver, the Independent Act Doctrine would not have applied in this particular case." However, because the evidence showed that Jones never entered the home, planned for the use of a firearm, nor anticipated the recovery of firearms within the home, Jones raised

4

a facially valid ground for relief. <u>See</u> <u>id.</u> Thus, the postconviction court erred by summarily denying this ground. <u>See</u> <u>Peede</u>, 748 So. 2d at 257. We reverse and remand for the court to "either attach the portion of the record that conclusively refutes [the] claim or conduct an evidentiary hearing on the matter." <u>See</u> <u>Smith v. State</u>, 69 So. 3d 1034, 1035 (Fla. 5th DCA 2011) (citing <u>White v. State</u>, 19 So. 3d 444, 445 (Fla. 5th DCA 2009)).

AFFIRMED in Part; REVERSED in Part; and REMANDED with Instructions.

COHEN, C.J. and LAMBERT, J., concur.