IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FELIX CASTRO,

      Appellant,

 v.                                  Case No. 5D17-3102

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 23, 2018

3.850 Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Felix Castro, Mayo, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.

PER CURIAM.

      Felix Castro appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Castro raised eight grounds for relief in his motion. We affirm, without further discussion, the postconviction court's denial of Grounds One through Seven. As to Ground Eight, for the reasons explained below, we reverse for the lower court to either hold an evidentiary hearing or attach additional court records to its order to conclusively refute this claim.

Castro was convicted after trial of trafficking in hydrocodone in excess of twenty-eight grams. Construing the trial evidence in the light most favorable to the State, a confidential informant working under the direct supervision of the Drug Enforcement Agency purchased 2000 hydrocodone pills from Castro at a prearranged meeting in the parking lot of a tattoo parlor for the sum of $4000. In Ground Eight of his motion, Castro alleged that his trial counsel rendered ineffective assistance because he did not call Castro's wife to testify at trial as an alibi witness. Castro states that he was prejudiced by counsel's failure because his wife was available and willing to testify at trial and, if called, would have said that she was with Castro on both the day the drug transaction was negotiated and then on the day that it was consummated and that Castro was not present for either event, as she and Castro "never left each other's company." Castro averred that if trial counsel had called his wife to testify, the jury "would have found her to be more credible than the paid felon [confidential] informant who (testified against Castro and) was being compensated for his role in [Castro's] arrest," and the jury would have found him not guilty.

In summarily denying this claim, the postconviction court attached to its order a portion of the trial transcript where the following exchange occurred:

> THE COURT: Mr. Castro, I ask every defendant at this point in time: Are you satisfied with the services that you received from [trial counsel]?
>
> [THE DEFENDANT:[1]] Yes.
>
> THE COURT: Is there anything that you told him to do and he didn't do?

---

[1] The transcript inadvertently indicates that counsel responded to this question. Contextually, it is clear that Castro responded.

THE DEFENDANT:  No, Sir.

In the denial order, the court found that this dialogue sufficiently "refute[d] [Castro's] claim that he wanted counsel to call his wife as an alibi witness."

"The failure to call a witness can constitute ineffective assistance of counsel if the witness might be able to cast doubt on the defendant's guilt." *Gutierrez v. State*, 27 So. 3d 192, 194 (Fla. 5th DCA 2010) (citing *Ford v. State*, 825 So. 2d 358, 360–61 (Fla. 2002); *Spellers v. State*, 993 So. 2d 1117, 1118 (Fla. 5th DCA 2008)).  Here, Castro set forth a facially sufficient claim of ineffective assistance of counsel because he alleged the identity of the potential witness, the substance of the witness's testimony, how the omission of the testimony prejudiced him, and that the witness was available for trial.  *See Spellers*, 993 So. 2d at 1118.  A defendant is entitled to an evidentiary hearing on a claim that counsel was ineffective for failing to call a witness to testify unless the motion is conclusively refuted by the record or is otherwise procedurally barred.  *Gutierrez*, 27 So. 3d at 194 (citing *Jacobs v. State*, 880 So. 2d 548, 550–51 (Fla. 2004)); *Spellers*, 993 So. 2d at 1118.

We conclude that the record attached to the order under review does not conclusively refute Castro's claim that his trial counsel was ineffective for failing to call Castro's wife as an alibi witness.  As to the court's first question, a defendant's statement of satisfaction with counsel in response to a generic inquiry from the trial court is "generally insufficient to conclusively refute a claim that counsel was ineffective for failing to call a witness." *Evans v. State*, 210 So. 3d 704, 705 n.1 (Fla. 5th DCA 2017) (citing *Law v. State*, 847 So. 2d 599, 600–01 (Fla. 5th DCA 2003)).  Admittedly, the court's second inquiry to Castro of whether there was anything that Castro wanted counsel to do

3

that he did not do presents a closer question. Nevertheless, this question, as phrased, and the response did not conclusively refute this particular claim. In *Fletcher v. State*, 177 So. 3d 1010 (Fla. 5th DCA 2015), we reversed the summary denial of a defendant's rule 3.850 motion, holding that the trial court's inquiry into whether the defendant was satisfied with counsel and whether counsel did everything that the defendant wanted was "not specific enough to conclude that the defendant should have taken the opportunity to advise the trial court that, in his opinion, defense counsel should have called the two witnesses." 177 So. 3d at 1012, 1014; *cf. McIndoo v. State*, 98 So. 3d 640, 641–42 (Fla. 4th DCA 2012) (affirming the summary denial of a defendant's rule 3.850 motion for counsel's failure to call a specific witness at trial where the record shows that the defendant could not have been confused about his right to call witnesses at trial when the trial court questioned the defendant at length about his decision not to call witnesses, defendant responded that he had discussed the issue with his counsel, and defendant confirmed that he had not been coerced or promised anything by not calling witnesses, the determination not to call his known witnesses was of his own free will, and he was satisfied with his attorney's representation).

Accordingly, we reverse the summary denial of Ground Eight of Castro's postconviction motion and remand for an evidentiary hearing[2] or to attach additional court records to the denial order that conclusively refute this claim.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, BERGER and LAMBERT, JJ., concur.

---

[2] *Evans*, 210 So. 3d at 705 n.1 ("We note that it is generally necessary to hold an evidentiary hearing to determine why trial counsel did not call a particular witness." (citing *Jacobs*, 800 So. 2d at 555)).