IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ORLANDO ALVAREZ,

      Appellant,

 v.                                      Case No. 5D18-1135

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 20, 2018

3.850 Appeal from the Circuit Court
for Brevard County,
Kelly J. McKibben, Judge.

Orlando Alvarez, Daytona Beach, pro se.

No Appearance for Appellee.

PER CURIAM.

     Orlando Alvarez appeals the summary denial of his amended Florida Rule of

Criminal Procedure 3.850 motion for postconviction relief. We reverse and remand the

summary denial of Alvarez's first ground for relief, alleging that his trial counsel failed to

depose the victim and other relevant witnesses. The ground, as pled, was facially

insufficient but Alvarez was not put on notice of the defect. The postconviction court

should have granted Alvarez leave to amend. Fla. R. Crim. P. 3.850(f)(3); Osorio v. State,

233 So. 3d 516, 517 (Fla. 2d DCA 2017). Should Alvarez amend this claim, if the

postconviction court wants to summarily deny relief again, it must attach records that conclusively refute this ground for relief. Fla. R. Crim. P. 3.850(f)(5); <u>Castro v. State</u>, 240 So. 3d 877, 878 (Fla. 5th DCA 2018) (indicating that statement of satisfaction with counsel alone is generally insufficient to conclusively refute claim that counsel was ineffective for failing to call witness). In all other respects, we affirm the trial court's order.

AFFIRMED in part; REVERSED in part; and REMANDED.

COHEN, C.J., ORFINGER and LAMBERT, JJ., concur.