PER CURIAM.
*702 Christopher Lee Payne appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of all but one of the grounds raised in his motion. Because the record does not conclusively refute Payne's claim that counsel was ineffective for failing to investigate and call two exculpatory witnesses, we reverse the summary denial of Ground O. See Castro v. State, 240 So. 3d 877, 878 (Fla. 5th DCA 2018) (reversing summary denial of defendant's rule 3.850 motion because trial court's inquiry into whether defendant was satisfied with counsel and whether counsel did everything defendant "told him to do" was not specific enough to conclusively refute defendant's claim counsel was ineffective for failing to call witness (citing Evans v. State, 210 So. 3d 704, 705 n.1 (Fla. 5th DCA 2017) )); Fletcher v. State, 177 So. 3d 1010, 1014 (Fla. 5th DCA 2015) (reversing summary denial of defendant's rule 3.850 motion because trial court's inquiry into whether defendant was satisfied with counsel and whether counsel did everything defendant wanted was not specific enough to conclude defendant should have taken opportunity to advise trial court that defense counsel should have called two witnesses). We would typically remand for the trial court to attach records conclusively refuting the claim or for an evidentiary hearing. Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996) ). Instead, because Payne failed to allege his witnesses were available and willing to testify at trial, see Castro, 240 So. 3d at 878 (citing Spellers v. State, 993 So. 2d 1117, 1118 (Fla. 5th DCA 2008) ), we remand with instructions that the trial court strike Ground O and provide Payne with sixty days to amend. See Fla. R. Crim. P. 3.850(f)(3) ; see also Leonardi v. State, 199 So. 3d 1075, 1076 (Fla. 5th DCA 2016) ("A defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected." (citing Luckey v. State, 979 So. 2d 353, 355 (Fla. 5th DCA 2008) )).
AFFIRMED in part, REVERSED in part, and REMANDED.
BERGER, LAMBERT and EISNAUGLE, JJ., concur.